The Indianapolis and St. Louis Railroad Company

*v.*

Margaret A. Evans.

88   63
67a  99
88   63
187  ²469
88   63
106a ²601

1. Negligence—*question of fact.* In suits to recover damages caused by negligence, the question of the plaintiff's negligence in failing to use proper care, and the degree of negligence in either party, is usually, if not always, a question of fact for the jury.

2. Same—*burden of proof.* In an action for an injury alleged to have been caused by negligence, the burden of proof rests on the plaintiff not only to show the negligence of the defendant causing the injury, but also to show he was exercising due care on his part. It is error to instruct the jury that the burden of proof to show negligence of the plaintiff rests on the defendant.

3. It is true, where the negligence of the defendant is gross, the allegation in the plaintiff's declaration of due care on his part is regarded as proved, where it is shown that the want of care on the part of the plaintiff, if any, was but slight in comparison with that of the defendant. But, even in such case, the burden of proof is on the plaintiff to show he was free from *such* negligence as would defeat his action.

4. Same—*contributory.* The rule in this State is, that where the negligence of the defendant is *gross*, the plaintiff may recover, although his own negligence may have contributed, in some degree, to the injury, provided his negligence was slight. It is error to instruct the jury that the plaintiff may recover unless his negligence, contributing to the injury, was *equal* to or greater than that of the defendant.

Appeal from the Circuit Court of Cook county; the Hon. Oliver L. Davis, Judge, presiding.

Mr. B. W. Hanna, Mr. C. B. Steel, and Messrs. Wiley, Parker & Neal, for the appellant.

Mr. Horace S. Clark, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

This is an action upon the case, by appellee, in which judgment went against appellant for damages, for an injury to appellee, alleged to have been caused by the negligence of appellant.

The circumstances proven, tend to show want of care on the part of appellee. The question of negligence in failing to use proper care, and the degree of such negligence in either party, is usually, if not always, a question of fact for the jury, under proper instructions from the court.

In this case, two of the instructions given to the jury by the court, at the request of plaintiff, are erroneous, and tended to mislead the jury. The third instruction given was as follows:

" The court instructs the jury, that the burden of proof of negligence on the part of the defendant is on the plaintiff, but when negligence on the part of plaintiff is set up as a defense, then the *burden* of proof to establish *such* negligence is *on the defendant,* and they must prove the same by a preponderance of evidence."

This is not a correct statement of the law. To recover for injuries alleged to have been caused by the negligence of defendant, it is necessary that plaintiff shall allege in the declaration, and prove on the trial, that *plaintiff* was exercising due care. The plea of not guilty puts this allegation in issue, and the burden of proving due care on the part of plaintiff rests upon the plaintiff. It is true, that in cases where the negligence of defendant is gross, the allegation of due care by the plaintiff is regarded as proven where it is shown that the want of care on the part of the plaintiff, if any, is but slight, in comparison with the negligence of defendant. The burden of proof, however, is on the plaintiff, even in such case, to establish the freedom of plaintiff from *such* negligence as would defeat the action.

The seventh instruction, given at request of plaintiff, was as follows:

"It is the duty of a railroad company to take all reasonable precaution for the protection of life and limb from injuries by their cars; and if such precautions are not taken, a person injured in consequence thereof  *  *  *  has a just cause of complaint, and is entitled to recover damages for any injury sustained by reason of the omission of the company to adopt all reasonable guards against liability to injury, unless such injury is caused by the negligence of the party injured *equal* to or greater than that of the party committing the injury."

The law on the subject of contributory negligence has not been laid down with uniformity at all times, nor in all countries where the common law prevails. It was formerly held, that the plaintiff could not recover in any case where his own negligence had materially contributed, in any degree, to the injury. In the courts of this State the severity of that rule was relaxed many years ago. The rule in this State is declared to be, that where the negligence of defendant *is gross*, the plaintiff may recover, although his own negligence may have contributed, in some degree, to the injury, provided his negligence was slight. It has never been held by this court, in any case, that the negligence of the plaintiff, to defeat a recovery, must be equal to that of the defendant.

This seventh instruction, in substance, says, that plaintiff's action can not be defeated by his own negligence, unless such negligence be at least equal to that of defendant. This is not the law. The true rule on this subject is laid down in *Illinois Central Railroad Co.* v. *Baches, Admr.* 55 Ill. 379, and need not be further discussed here.

For the errors mentioned the judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed.*