The Chicago, Burlington and Quincy Railroad Co.

*v.*

Clara M. Harwood, Admx.

1. Declaration—*statement of negligence in managing train.* In an action against a railway company, to recover damages for the killing of the plaintiff's intestate, through negligence and carelessness in the managing and running of a train of cars, the declaration should show in what such negligence and carelessness consisted, and not charge the same in general terms, without disclosing any specific acts or omissions.

2. Practice—*how to object to insufficient declaration.* An objection which goes to the sufficiency of the declaration, should be taken before trial, by demurrer. It is too late to urge such an objection, for the first time, upon error.

3. Negligence—*rule as to comparative.* Although the plaintiff may have been guilty of slight negligence contributing to the injury complained of, it will not preclude a recovery, provided the negligence of the defendant, resulting in the injury, was gross in comparison with that of the plaintiff.

4. It is not sufficient, in a case of contributory and comparative negligence, to say in an instruction that the plaintiff may recover, though negligent, provided his negligence is slight in comparison with that of the defendant. Such an instruction should be refused.

5. Same—*neglect to ring bell or sound whistle—as evidence of gross negligence.* The mere omission of a railway company to ring a bell or sound a whistle on a train approaching a highway crossing, where a collision occurs with a team while crossing the railroad track, can not be said, as a matter of law, to be evidence of gross negligence, so as to fix the liability of the company for the injury. To have that effect, it must be a just inference, from the evidence, that the injury was caused by reason of such neglect.

6. Same—*of the burden of proof.* The onus of establishing the relative degrees of negligence of the plaintiff or the deceased, and of the defendant, is not upon the latter. The gross negligence of the defendant is as indispensable an element in the rule of comparative negligence as the slight negligence of the plaintiff, or the plaintiff's intestate, and unless both are proved as alleged, no recovery can be had, although neither party in the first instance is presumed to have been negligent.

| 90 | 425 |
| 24a | 36 |
| 90 | 425 |
| 134 | 214 |
| 90 | 425 |
| 40a | 48 |
| 41a | 314 |
| 90 | 425 |
| 42a | 364 |
| 90 | 425 |
| 45a | 620 |
| 90 | 425 |
| 157 | 282 |
| 47a | 193 |
| 90 | 425 |
| 61a | 536 |
| 90 | 425 |
| 167 | 542 |
| 90 | 425 |
| 181 | 15 |
| 90 | 425 |
| 182 | 23 |
| 90 | 425 |
| 202 | [1]548 |
| d104a | [2]374 |
| 90 | 425 |
| 209 | [1]330 |
| 90 | 425 |
| 215 | [2]432 |

7. INSTRUCTION—*assuming evidence of a fact not shown.* An instruction is erroneous which is predicated on the assumption that there is evidence tending to prove a fact, when there is no such evidence.

APPEAL from the Circuit Court of Stark county; the Hon. J. W. COCHRAN, Judge, presiding.

This was an action on the case, brought by appellee, as administratrix, against the appellant, for causing the death of her husband at a highway crossing, through the negligence of appellant's servants in charge of a freight train running on the Buda and Rushville branch of its road, on August 17, 1874.

The declaration contained two counts, the first charging general negligence in the management of the train, and the second, that no bell was rung or whistle sounded as required by the statute, in consequence of which the deceased, while driving across the track with due care and caution, was struck by the train, thrown from his wagon, and so injured, that he died.

A trial was had on the general issue, resulting in a verdict and judgment in favor of the plaintiff for $5000.

On the trial, the plaintiff, to prove negligence, gave evidence that the train was running at an unusual speed at the time of the accident, which was objected to by the defendant.

Mr. O. F. PRICE, and Mr. D. McCULLOCH, for the appellant.

Messrs. JOHNSON, FOSTER & SHELLENBARGER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We do not think the objections to the admissibility of the proofs, on the ground of variance from the cause of action set forth in the declaration, tenable.

It is alleged in the first count, that the defendant "so care-

lessly and improperly drove and managed the said engine and train of cars that it struck and so injured the said Riley Harwood that afterwards, on the 18th of August, 1874, he died." In or by what acts this carelessness and impropriety in driving and managing the train were manifested is not attempted to be disclosed.  It may have been by running at a greater rate of speed than safety or prudence required, as well as by any other means.  Carelessness and impropriety are not descriptive of specific acts, but of a class of acts only, which may include an indefinite number of specific acts, each differing in its character . from the others.  The objection really goes to the sufficiency of the declaration, and should have been taken before trial, by demurrer.  It is too late now to urge it.

We are of opinion, however, that the law of the case was not fairly given to the jury by the instructions.

Whether the train was running at an unusual rate of speed, and whether a bell was rung or whistle blown at the place, and for the length of time required by the statute, and whether the deceased recklessly passed on to the track of defendant's road without making any effort to ascertain whether there was an approaching train, or to avoid danger from that source, were contested questions before the jury upon which there was much evidence to sustain the defendant's side.

Appellee's first instruction informs the jury that, although the deceased did not observe the precautions which an ordinarily prudent man would have observed before attempting to cross defendant's track, still there may be a recovery if the jury shall believe, from the evidence, that this negligence of the deceased was slight in comparison with that of the defendant.

The doctrine of comparative negligence recognized by this court is, that although the plaintiff may have been guilty of slight negligence, contributing to the injury complained of, this will not bar a recovery provided the negligence of the defendant, resulting in the injury, was gross in comparison with that of the plaintiff.  The cases in which this doctrine

has been announced are numerous, extending over the period of the last twenty years, and it is useless to recite them.

Notwithstanding the expression of one of these terms of comparison in one instruction may imply its correlative, to avoid misleading the jury, it has been held, both terms should be expressed in all instructions assuming to lay down the rule. The jury must be told, to authorize a recovery, it must appear, from the evidence, that the negligence of the plaintiff is slight and that of the defendant gross, in comparison with each other, and it will not be sufficient simply to say the plaintiff may recover, though negligent, provided his negligence is slight in comparison with that of the defendant. *Illinois Central Railroad Co.* v. *Hammer,* 72 Ill. 351. This instruction is faulty in this respect, and should have been refused on that ground.

The fourth instruction, read in connection with the first, was calculated to mislead. It allows the jury to find that the failure to ring the bell or sound the whistle was gross negligence in comparison with that the first instruction informed them they might find to be but slight negligence, *i. e.* the want of due care upon the part of the deceased to avoid the injury.

The mere omission to ring the bell or sound the whistle, can not be said, as matter of law, to be evidence of gross negligence, so as to fix the liability of the defendant. To have that effect, it must be a just inference, from the evidence, that the injury was caused by reason of such neglect. *Chicago, Burlington and Quincy Railroad Co.* v. *McKean,* 40 Ill. 218; *Chicago, Burlington and Quincy Railroad Co.* v. *Lee,* 68 id. 576.

Appellee's fifth instruction is objectionable in form and in assuming the existence of certain facts. It is more in the nature of an argument than an instruction. It has also the defect pointed out in the first instruction, of omitting a statement of one of the terms of comparison in ascertaining the

relative degrees of the negligence of the deceased and the defendant. *Illinois Central Railroad Co.* v. *Hammer, supra.*

The gross negligence of the defendant is as indispensable an element in the rule as the slight negligence of the deceased; and it appearing from the evidence that there is contributive negligence on the part of the plaintiff or the deceased, it is for the jury to determine, from all the evidence, the relative degrees of the negligence of the parties, and unless they shall be satisfied that of the plaintiff or deceased is slight and that of the defendant gross in comparison with each other, there can be no recovery. The onus, in establishing the relative degrees of negligence, is not thrown on the defendant, as is assumed by the instruction. *Indianapolis and St. Louis R. R. Co.* v. *Evans,* 88 Ill. 63. Neither party, in the first instance, is assumed to have been negligent. The negligence must be proved, and unless it appears from the proof that the plaintiff's case, under all the evidence, is proved as alleged, there can be no recovery. *Indianapolis and St. Louis Railroad Co.* v. *Evans, supra.*

Appellee's seventh instruction is liable to the same objection as the fourth, and also to that last noticed to the fifth.

Appellee's ninth instruction is also obnoxious to the last objection noticed to the fifth. It is likewise additionally erroneous in that it is predicated on the assumption that there is evidence tending to prove that the deceased was injured by reason of the negligence of the conductor and brakemen to listen and respond to signals given by the engineer.

There is no pretense that any signal was given by the engineer to the conductor or brakemen, the failure to respond to which tended to cause the injury. The engineer says, and in this he was not contradicted,—" After I first saw him (meaning deceased) I blowed the whistle once; it was an ordinary whistle to attract attention; it was the signal for off brakes, if the brakes were on; I was using it as an alarm; then the man in the wagon (Harwood) turned his face towards me, but let his team walk right on up to the crossing and

stopped; then he tried to back his team up, and they seemed to refuse; then he slapped the lines down on the horses; I was at this time right close to the crossing; they made a jump ahead across the railroad and the man started back to the hind end of the wagon, and the team and the front part of the wagon got across the track; and the engine struck the hind wheel of the wagon right where the man was; * * * I reversed the.engine about the time he whipped the horses on to the track; after I had reversed the engine I blowed the whistle for down brakes; I must have been just across the public road then,"—and, of course, it was after the injury had occurred. This appears to have been the only signal given by the engineer which required notice or action by the conductor or brakemen. It was, therefore, not of the slightest consequence whether the conductor and brakemen were at lunch at the time or where they were, since no act or omission of theirs contributed in the least to the injury.

There were other errors of minor importance, which occurred during the trial, upon which we forbear comment, since, in what has been said, our views of the law applicable to the case are sufficiently given.

The judgment is reversed and the cause remanded.

*Judgment reversed.*