CHICAGO & ALTON RAILROAD CO.

v.

BRIDGET McKENNA, Adm'x, etc.

1.  NEGLIGENCE—WHEN PARTY MUST USE EXTRAORDINARY CARE.— When a plaintiff is himself in the wrong, or not in the exercise of a legal right, or was at the time enjoying a privilege granted without compensation or benefit to the party granting it and of whose carelessness complaint is made, plaintiff must use extraordinary care before he can properly and legitimately complain of the negligence of another.

2.  WALKING ON RAILROAD TRACK.—When a person voluntarily and without authority undertakes to walk upon a railroad track, he ought not to recover damages for an injury received unless it appears that the injury was caused by the wanton and willful misconduct of the employes of the defendant.

3.  VERDICT NOT SUSTAINED BY THE EVIDENCE.—Where deceased was improperly on the grounds of appellant and was therefore bound to use

extraordinary care to prevent an accident before there could be a recovery, or it must appear from the evidence that the accident resulted from the wanton and willful misconduct of appellant's employes, and there was no proof showing a want of proper care upon the part of appellant's employes, and they were not charged in the declaration with wanton or willful misconduct and there was no evidence that deceased used even ordinary care to avoid injury. *Held*, that the evidence failed to show a cause of action against appellant.

APPEAL from the City Court of East St. Louis; the Hon. WILLIAM P. LAUNTZ, Judge, presiding. Opinion filed April 18, 1884.

The court finds the facts in this case to be as follows: that appellant's railroad runs north and south through the village of Venice, in Madison county, Illinois; that the deceased, Patrick McKenna, lived a short distance from and northwest of the depot or station of appellant's road in said village; that between the depot and the residence of the said McKenna, there are five side or switch tracks on appellant's switch yards that are constantly used for changing and placing cars, making up trains, etc.; that they were so used on the night of the accident which resulted in the death of McKenna; that there is no public or private crossing between the house of the deceased McKenna and the depot; that there is a public crossing a short distance north of the house of the deceased, running east and west, called the rock road, and that there is a public crossing a short distance south of the house of the deceased, running east and west, called Kerr street; that no one except those operating the engine and switching cars was allowed to go in the switch yard occupied by these tracks; that the deceased on the night of the accident, when it was dark and snowing, started from his home to the depot; that after leaving home he was not again seen alive, but was found dead directly between his house and the depot, along the line of what is known as the main switch track of appellant; that at the time there was a switch engine running on these tracks, changing and placing cars, etc.; that the deceased did not go to either of the crossings referred to, but that he attempted to go directly across the side or switch tracks in the

switch yard, where there was no private or public crossing; that the deceased, McKenna, knew this, and was not in any way connected with appellant so as to authorize him to cross the side tracks, or be upon the ground at the place where he was killed; that there was no wanton or willful negligence, or negligence of any kind on the part of the servants of appellant.

And the court being of the opinion that on the foregoing facts there was no right of action in the plaintiff, it was ordered that the said judgment be reversed and the cause be not remanded.

Mr. L. H. HITE, for appellant; as to negligence in crossing a railroad company's right of way, cited I. C. R. R. Co. v. Godfrey, 71 Ill. 500; Aurora Branch R. R. Co. v. Grimes, 13 Ill. 585; Shearman & Redfield on Negligence, § 488; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C., B. & Q. R. R. Co. v. Lee, 68 Ill. 576; I. C. R. R. Co. v. Hetherington, 83 Ill. 510.

If defendant's servants after becoming aware of plaintiff's danger, failed to use ordinary care to avoid injuring him, defendant would be liable: Galena & Ch. U. R. R. Co. v. Jacobs, 20 Ill. 478; St. L., A. & T. H. R. R. Co. v. Todd, 36 Ill. 409; Shearman & Redfield on Negligence, §§ 25, 36.

Mr. GEORGE W. GREEN, for appellee; cited C., R. I. & P. Ry. Co. v. Clark, 108 Ill. 113.

CASEY, J. This was an action on the case brought by appellee against appellant in the City Court of East St. Louis. In the declaration it is averred that in the life-time of Patrick McKenna, the defendant company was using and operating a railroad track with switches and side tracks in and through the village of Venice in Madison county, Illinois, and that while deceased in his life-time, to wit, January 2, 1882, was with all due care attempting to cross the switch tracks of defendant at a public highway, the servants of the defendant carelessly and recklessly ran a locomotive engine upon the said McKenna, causing his death, etc. To this declaration the general issue was filed, and the cause submitted to a jury.

A verdict was returned by the jury in favor of the plaintiff, assessing her damages at the sum of five thousand dollars. A motion for a new trial was entered by the defendant, and one of the causes assigned for a new trial was that the verdict of the jury was contrary to the law and the evidence. The court refused the motion for a new trial. Judgment was entered on the verdict, and the case is brought to this court by appeal. One of the errors assigned is that the court erred in refusing the motion for a new trial. The question in this case is one of fact: Did the evidence in the court below show a cause of action against appellant?

The evidence shows that appellant's railroad passes north and south through the village of Venice, in Madison county, Illinois; that the deceased, Patrick McKenna, lived a short distance from and northwest of the depot or station of appellant's road in said village; that between the said depot and the residence of the said McKenna there are five side or switch tracks in the switch yard of appellant, that are constantly used for changing and placing cars, making up trains, etc., and were so being used on the night of this accident which resulted in McKenna's death; there is no public or private crossing between the house of the deceased McKenna and the depot; that there is a public crossing a short distance north of McKenna's house, running east and west, called the rock road, and a public crossing a short distance south of McKenna's house called Kerr street. No one except those running the locomotive and engaged in switching cars was allowed to go on the ground occupied by these tracks. The testimony further shows that the deceased, on the night of January 2, 1882, while it was snowing, started from his house to the depot of, appellant to meet his wife, who had been away from home and was expected to return that night. After leaving his house he was not again seen alive, so far as the testimony shows. He was found dead with both feet off on a line directly between his home and the depot of appellant and along a line of what is known as the main switch track. At that time there was a switch engine running on these side or switch tracks changing and placing cars. While it does not

positively appear from the evidence, still there is no doubt but that the deceased was run over and killed by this switch engine, and there is no doubt from the evidence but that the deceased, instead of going to the crossing on the north or south of his residence, attempted to go directly across the side and switch tracks in the switch yard to the depot of appellant, and that while so doing he was run over and killed by the switch engine as aforesaid. The deceased was not in any way connected with appellant so as to authorize him to cross the side tracks or be upon the ground at the place where he was killed. There is nothing whatever in the record to show any wanton or willful misconduct on the part of the servants of appellant or indeed any negligence at all. No one saw the deceased at the time he was killed. It will be remembered that the charge in the declaration is that the deceased while in the exercise of due care and attempting to cross the switch track of appellant at a public highway, was killed, etc. It is impossible from the evidence that the deceased was attempting to cross the tracks at a public highway or crossing at the time he was killed. There is no testimony whatever in the record to support that position; on the contrary the testimony shows that the deceased was, as I have already stated, going from his house directly to the depot, and that there was no public crossing at that place. In the case of the I. C. R. R. Co. v. Godfrey, 71 Ill. 500, the Supreme Court say, in substance, that the right of way is the exclusive property of the company, upon which no unauthorized person has a right to be for any purpose. The place was one of danger, and such persons went there at their own risk and peril. For all the purposes of this suit the plaintiff stands in no more favorable condition than a wrong-doer and trespasser. When the plaintiff is himself in the wrong, or not in the exercise of a legal right, or was at the time enjoying a privilege granted without compensation or benefit to the party granting it, and of whose carelessness complaint is made, the plaintiff must use extraordinary care before he can properly and legitimately complain of the negligence of another. Butterfield v. Foster, 11 East, 60; Kennard v. Burton, 12 Shipley, 39; Pluckwell v. Wilson, 5 Carr. & T. 375.

When a person voluntarily and without authority undertakes to travel upon a railroad track, he ought not to recover damages for an injury received, unless it appears that the injury was caused by the wanton and willful misconduct of the employes of the defendant. Railroad Co. v. Norton, 12 Harris, 465; Shearman & Redfield on Negligence, 488; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; I. & St. L. R. R. Co. v. Evans, 88 Ill. 63.

It is an essential and necessary element in this character of case, that the deceased, or party injured, should at least exercise ordinary care; such care as a reasonably prudent person will always adopt for the security of his person and property. In this case the deceased, being improperly on the grounds of appellant, was bound to use extraordinary care to prevent an accident, before there can be a recovery; or it must appear from the evidence that the accident resulted from the wanton and willful misconduct of the servants of appellant. There is no proof showing a want of proper care upon the part of the employes of appellant, and they are not charged in the declaration with wanton and willful misconduct or negligence.

We think that the evidence in this case fails to show a cause of action against appellant, and the judgment of the City Court of East St. Louis is reversed.

Judgment reversed.