The Chicago, Burlington & Quincy Railroad Company

v.

Samuel P. Dickson.

*Railroads—Negligence—Collisions—Personal Injuries—Pleadings.*

1. Insufficient pleadings for want of any allegations or averments for which a special demurrer could be sustained, is cured after verdict.
2. In an action brought to recover from a railroad company for personal injuries alleged to have occurred through its negligence, a collision of two trains having taken place, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed December 15, 1891.]

Appeal from the Circuit Court of La Salle County; the Hon. Dorrance Dibell, Judge, presiding.

Messrs. Samuel Richolson and O. F. Price, for appellant.

Messrs. Bird Bickford, and O'Connor, Duncan & Eckels, for appellee.

*Per Curiam.* This was a suit by the appellee against appellant to recover damages for personal injuries received by him while in the train of appellant, caused by the collision of the train on which he was a passenger, and recovery $2,566.66.

The declaration charges the negligent acts by which the injury was caused, to be that " The defendant carelessly and negligently caused one of its said trains to run into the train on which plaintiff was being carried." The accident occurred at Downer's Grove, by the train (a freight train) on which appellee was being carried in a box car in attendance on two stallions, being derailed and run into by a passenger train. The declaration is objected to for the alleged reason that it does not more certainly and specifically state the manner of the negligent act.

If this be a defect, we think it is too late to raise it after verdict. If the declaration was faulty in this respect, it should have been taken advantage of by demurrer; but after verdict it will be sufficient, as all intendments are to be taken in favor of a verdict.

Insufficient pleadings for want of any allegations or averments for which a special demurrer could be sustained, is cured after verdict. Statute, Jeofails, Sec. 6, Chap. 7, R. S.; C., B. & Q. R. R. Co. v. Harwood, 90 Ill. 425.

It is not specifically stated whether the negligence consisted in the manner of the derailment of the train, or the running of the passenger train, or one or both. Under the declaration any of this proof could be made, and it would not be a variance because of the general averments of the declaration; nor would it be a different cause of action. For the same reason the failure of the declaration to state the venue of the accident would be cured after verdict. The instructions seem to be correct.

If appellee, as he swears, was permitted to ride in the box car with the horses, this would be a waiver of his contract, if any such were made; and the instructions on that point were correct.

We see no reversible error in the admission of expert or other testimony complained of by counsel for appellant, nor

in the rejection of evidence offered by appellant. It appears to us that the evidence sufficiently shows the negligence of the company in causing the collision, and also the required care of appellee to prevent accident. The extent of the injury was wholly a question for the jury, and there was sufficient evidence on which to base a verdict.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*