## St. Louis, Alton & Terre Haute Railroad Company

### v.

### James Fullerton.

*Railroads — Negligence of — Injury to Stock—Statutory Liability— Common Law Liability—Contributory Negligence—Confusing Instructions.*

In an action brought against a railway company to recover damages for the death of three different domestic animals of plaintiff, killed at different times on defendant's track, this court holds that the instructions were confusing and erroneous—the first in failing to include the element of due care on plaintiff's part; the second in basing a general right of recovery on the failure of defendant to fence its track properly where the evidence only showed that one of the animals sued for escaped upon the track through the defendant's fence; the third in referring to the defense of contributory negligence on the part of plaintiff where the negligence set up in defense was that of plaintiff's son.

[Opinion filed December 7, 1892.]

APPEAL from the County Court of Perry County; the Hon. BENJAMIN W. POPE, Judge, presiding.

Mr. R. W. S. WHEATLEY, for appellant.

Mr. A. RUSSELL, for appellee.

MR. JUSTICE GREEN. This suit was commenced in a justice court and tried on appeal in County Court, where a verdict and judgment for plaintiff was recovered for $76.50 damages, and defendant took this appeal. The suit was brought to recover the value of a pig killed at one time, a cow killed at another time and a mare killed at still another time, and the right to recover was based upon the alleged negligence of appellant. Appellee owned and occupied land on each side of the road of appellant. It was admitted by him in his testimony that the railroad fence was sufficient to prevent horses and cattle from entering the right of way,

but he claimed hogs could go through; there was not sufficient evidence to warrant a recovery for killing the cow and it does not appear very clearly from the evidence that the pig got into the right of way through the defective fence. Counsel for appellee, judging from the tenor of their printed argument, seem to have taken this view of the evidence and rest their right to have the judgment affirmed solely upon the ground, appellant was liable for the value of the mare killed, and not because of any liability for the value of the other animals. It is not claimed the mare entered the right of way through a defective fence, hence no question of statutory negligence arises; but appellant, if liable at all to respond in damages for causing its death, becomes so only if negligent under the common law. Inasmuch as the cause will be tried again if appellee is so advised, we refrain from commenting upon the facts and circumstances attending the killing of the mare, except to say the evidence to those matters presented a state of case in which the jury should have been accurately instructed. The first instruction for plaintiff was erroneous because it called for a finding in his favor if defendant was negligent in the management of its trains, without reference to contributory negligence on the part of the person in charge of the mare. The second instruction informed the jury what the statutory duty of appellant was as regards fencing, and that " if it had failed to fence its track, as required by the statute," it would be liable for all the stock killed by its trains on said track, which may have escaped from adjoining lands through such insufficient fence, without any reference as to whether the employes in charge of *the train* could have prevented the injury or not. " If given at all, this instruction should have been limited in its application to the killing of the pig, which was the only one of the animals claimed to have escaped through a defective fence. As worded, it was calculated to mislead the jury and ought not to have been given." The third instruction was as follows:

" The court further instructs you that if you find from the evidence that the mare of the plaintiff was killed upon

the track of the defendant, by the negligence of the defendant, or the engineer of the train on said road, in not using proper endeavor to stop said train, or frighten the animal away, if said mare was on the track of defendant, and was seen, or could have been seen by said engineer by the use of proper care and diligence in time to have avoided such injury, then you should find for the plaintiff, unless you find that the plaintiff was guilty of such negligence as would preclude him from recovery." This instruction was erroneous. It was not the contributory negligence of plaintiff but his son's negligence, when he had the mare in charge, that was relied on by appellant to absolve it from liability for the death of the animal; hence the attention of the jury was by this instruction improperly withdrawn from the negligence that might be material and necessary for them to consider in determining appellant's liability, and was directed to the acts of plaintiff, which were not material to a proper determination of that question. The instruction was defective in other respects, and was calculated to mislead the jury. It was not error to refuse the instruction requested on behalf of defendant in the form as offered. It should have included the words "in comparison with each other," or their equivalent. C., B. & Q. v. Howard, 90 Ill. 425.

For the error in giving the above mentioned instructions on behalf of plaintiff below, the judgment is reversed and the cause remanded.                *Reversed and remanded.*