(No. 10736.)

JAMES B. PADEN, Defendant in Error, *vs.* THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed December 21, 1916.*

1. NEGLIGENCE—*declaration must allege facts showing duty of defendant to protect plaintiff from injury.* To justify a recovery for damages in an action for negligence there must be a duty of the defendant to protect the plaintiff from injury, a failure to perform that duty and an injury resulting from such failure; and the declaration must allege facts from which the law will raise the duty.

2. SAME—*when omission of averment that plaintiff was rightfully employed to unload a car is cured by the verdict.* Where it is inconceivable that the jury would have given a verdict for the plaintiff or that the court would have sustained it if it had not been proved that the plaintiff was rightfully employed to unload the car he was engaged in unloading when he was injured through the negligence of the defendant's switching crew in moving the car without warning, a failure to allege the fact of such employment, though fatal on demurrer, will be cured by the verdict.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of LaSalle county; the Hon. JOE A. DAVIS, Judge, presiding.

WILLIAM D. FULLERTON, and A. B. ENOCH, for plaintiff in error.

THOMAS N. HASKINS, and BUTTERS & CLARK, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error here, James B. Paden, recovered a judgment in the circuit court of LaSalle county for $1100 against the plaintiff in error, the Chicago, Rock Island and Pacific Railway Company, for personal injuries alleged to have resulted from the negligence of the plaintiff in error.

The judgment was affirmed by the Appellate Court for the Second District and is brought here for review by a writ of *certiorari*.

At the time of defendant in error's injury he was unloading coal from a car which had been placed upon a track used by the plaintiff in error to set cars on for unloading freight and merchandise therefrom by the owners and their employees. While defendant in error was so engaged in unloading coal from one of plaintiff in error's cars set out on the track to be unloaded, a crew of plaintiff in error engaged in switching, it is alleged, shoved another car against the one from which the defendant in error was unloading coal without notice or warning, thereby throwing him to the ground and injuring him.

Plaintiff in error filed a plea of the general issue to the declaration and the cause was heard by a jury, resulting in a verdict for $1100 for defendant in error. The court overruled a motion for a new trial and a motion in arrest of judgment. The principal question raised in the Appellate Court, and the only one raised in this court, is whether the motion in arrest of judgment should have been sustained on the ground that the declaration was insufficient to support the judgment.

The declaration consisted of but one count, and, so far as relates to the question here involved, it averred that the plaintiff in error was in the use and operation of the railroad, and had what was known as a team or merchandise track connected with its railroad at the village of DePue, which track was used by plaintiff in error to place cars on, containing merchandise or other freight, for parties entitled thereto to unload therefrom said freight or merchandise. The declaration avers defendant in error was at the time he was injured unloading freight or merchandise from a car used and operated by plaintiff in error while said car was standing upon said merchandise or team track; that it became and was the duty of plaintiff in error, before at-

tempting to move said car in or about which defendant in error was at work, to notify him of its intention to so move the said car, so that defendant in error might be enabled to protect himself from injury, but plaintiff in error, disregarding its duty in that behalf, and while defendant in error was so engaged in unloading said car and while in the exercise of all due care and caution on his part for his own safety, without notifying him of its intention to do so, carelessly and negligently drove or caused to be driven toward and against the car on and about which defendant in error was so employed, a certain other car or cars, which struck and moved the car in or on which defendant in error was engaged or at work, knocking him to the ground, thereby injuring him.

The defect pointed out in the declaration is, that it does not appear from its averments that defendant in error was rightfully engaged in and about the work at the place where he received his injury, and that plaintiff in error owed him any duty except to not willfully injure him. It is very clear that sufficient facts are averred in the declaration out of which the law raised a duty of plaintiff in error to protect the owners or employees of owners of freight or merchandise, while engaged in removing such freight or merchandise from cars set on the track to be unloaded. The declaration omitted any averment that defendant in error was an owner or an employee of an owner of the freight on the car he was unloading. This omission might have been availed of on demurrer, and plaintiff in error contends its absence renders the declaration insufficient to support the judgment and on that ground the court should have sustained the motion in arrest.

The general rule frequently announced is, that to justify a recovery for damages in actions for negligence there must be a duty owing from the defendant to the plaintiff to protect him from the injury, a failure of the defendant to perform that duty and an injury resulting from such

failure. It has also been held not sufficient for the declaration merely to allege it was the duty of defendant to do certain things, but that facts must be alleged from which the law will raise the duty. It has always been held that there are essentials to a recovery by the plaintiff which, though omitted from the averments of the declaration, will not render it insufficient to support a judgment. The rule stated in Chitty on Pleading (vol. 1, 673,) and quoted in numerous decisions of this court is: "Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict."

In *Baltimore and Ohio Southwestern Railway Co.* v. *Then,* 159 Ill. 535, the court adopted the opinion of the Appellate Court. That was an action against the railroad company for negligently causing the death of plaintiff's intestate. The declaration contained no averment that deceased was in the exercise of due care at the time of the accident. The Appellate Court cited the rule above referred to, announced by Chitty, and said: "In the case at bar it is not to be presumed the jury would have given the verdict, or that the court would have sustained it, without evidence tending at least to establish the fact of due care on the part of deceased. The motion in arrest was properly overruled."

The same objection was made to the declaration in *Gerke* v. *Fancher,* 158 Ill. 375. The court said the rule is that the plaintiff must allege and prove he was himself in the exercise of due care. The declaration in that case contained no such averment. Its sufficiency was not tested by demurrer but a motion was made in arrest of judgment.

276 — 5

The court said (p. 380) : "Before verdict the intendments are against the pleader, and upon demurrer to a declaration nothing will suffice, by way of inference or implication, in his favor. But on motion in arrest of judgment,—and the same thing is true where the defect is sought to be availed of on error,—the court will intend that every material fact alleged in the declaration or fairly and reasonably inferable from what is alleged was proved at the trial, and if from the issue the fact omitted and fairly inferable from the facts stated in the declaration may fairly be presumed to have been proved the judgment will not be arrested."

In *Sargent Co.* v. *Baublis,* 215 Ill. 428, (a suit by an employee against the master for an injury resulting from the master's negligence,) the declaration alleged it was the duty of the defendant to furnish the plaintiff reasonably safe tools and appliances to work with. It was objected that the declaration failed to allege facts which would create any duty from the defendant to the plaintiff. The court said the declaration was intended to show the relation of master and servant between the parties, but it contained no express allegation that plaintiff was in the employ of defendant. The court said if the averments of the declaration did show the relation of master and servant it only did so indirectly, but the declaration in that respect was sufficient after verdict.

In *Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100, the charge in the declaration was that the defendant injured the plaintiff by starting a train on which he was a passenger while he was attempting to get off at a station. In discussing the question raised whether the declaration, in failing to show how the starting of the train operated to throw plaintiff from it and in what manner it was started, was sufficient to support the judgment, the court said : "The intendment in such cases arises from the joint effect of the verdict and the issue upon which it was given, and if the declaration contains terms sufficiently general to compre-

hend, by fair and reasonable intendment, any matter necessary to be proved, and without proof of which the jury could not have given the verdict, the want of an express statement of it in the declaration is cured by the verdict."

*Chicago, Burlington and Quincy Railroad Co.* v. *Harwood*, 90 Ill. 425, was an action on the case brought by an administratrix against the railroad company for causing the death of plaintiff's intestate at a highway crossing through the negligence of the company's servants in charge of a freight train. One count of the declaration alleged the defendant so carelessly and improperly drove and managed the engine and train of cars that it struck and injured the plaintiff's intestate so that he died. By what acts the careless driving and management of the engine and cars were manifested was not averred in that count. The court held the objection to its sufficiency should have been taken before trial by demurrer and that it was too late after judgment to urge it. This rule has been approved in a number of subsequent cases.

*Pennsylvania Co.* v. *Ellett*, 132 Ill. 654, was an action on the case by the administrator of William R. Walkup against the Pennsylvania Company and the Union Stock Yards and Transit Company to recover damages for the death of Walkup, alleged to have been caused by the negligence of the Pennsylvania Company while using the track of the other company. The trial court overruled a motion in arrest of judgment by the stock yards company, and this ruling was one ground relied on in this court for reversal of the judgment against that company, the contention being that the declaration did not allege the stock yards company or its servants were guilty of any negligence and no recovery could be had against it without negligence being alleged and proved. The declaration alleged that the stock yards company owned the track upon which the Pennsylvania Company and other companies ran their cars and that said Pennsylvania Company was in control and occupation

of said track, but there was no allegation that this was by contract with or consent of the stock yards company, and it was argued that from aught that appeared in the declaration the Pennsylvania Company may have been a mere trespasser in running its train over the stock yards company's track. The court said it was clear that whether the Pennsylvania Company's use of the stock yards company's track was under contract with it or by its permission and consent was a matter material to be proved to fix its liability, and after stating the substance of the averments of the declaration the court said : "It seems to us that these allegations are 'sufficiently general to comprehend' therein, by fair and reasonable intendment, that the Pennsylvania Company was so in control lawfully,—that is, by consent of the owner corporation. It may fairly and reasonably be implied that by some contract or arrangement between the two companies the other defendant had the right to run its cars and locomotives over these tracks. No other reasonable inference could arise, and in our judgment there is sufficient appearing, by fair and reasonable implication from what is alleged, to render the declaration good after verdict." There is no difference in principle between that declaration and the declaration in the case before us, and if the omission from the declaration in the former case was cured by verdict then it must have been in the present case.

It is inconceivable that the jury would have given the verdict or that the court would have sustained it if it had not been proved that defendant in error was rightfully employed in unloading the car set out on the track by plaintiff in error to be unloaded at the time he received his injury, and under the authorities cited the omission from the declaration was cured by verdict.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*