CHRISTIAN SACK

*v.*

JOHN DOLESE *et al.*

*Filed at Ottawa March 30, 1891.*

1.  NEGLIGENCE—*master and servant—condition of machinery—duty and liability of the master.* An employer is required by law to use diligence in providing safe machinery and instrumentalities to be handled by his employes, and the most efficient mode of discharging that duty in respect to cars used is to maintain a careful system of inspection, to see that the necessary appliances in use thereon are in good order, and sufficient to answer the purposes for which they are intended.

2.  The same rule of reasonable care with reference to proper machinery and inspection applies in the case of cars belonging to other persons, which the servant is required to operate in the course of the master's business, as governs when the cars are owned and furnished by the master himself.

3.  In order to make a master liable for an injury to his servant caused by a defect or insufficiency in the machinery or implements furnished by him to the servant, knowledge of such defect or insufficiency must be brought home to the master, or proof made that his ignorance was the result of his negligence or want of care,—or, in other words, it must be shown that he either knew or ought to have known the defects which caused the injury.

4.  In order to hold a master liable to his servant for an injury, on the ground of the neglect of the master to have the machinery or implements furnished the servant inspected, some defect or insufficiency in the same must be shown of which the master had notice, or which an inspection would have made known to him.

5.  In an action by a servant against his employer, to recover damages for a personal injury while operating a car, the proof showed that the accident and injury were caused by the giving way of the chain attached to the brake, whereby the wheel suddenly turned and the plaintiff was thrown from the car, but there was no evidence of any defect in the brake or brake-chain, or of what caused the chain to part or become loose : *Held,* that an instruction directing the jury to find for the defendant was properly given, there being no presumption of negligence arising from the facts shown.

6.  SAME—*burden of proof.* Where a servant seeks to recover damages of his master for a personal injury resulting from defects in the machinery of a car furnished for use, the burden of proving the negli-

9—137 ILL.

gence alleged rests upon the servant. Mere proof of the accident or injury does not shift the burden of proof on the master, and require him to show that the injury did not result from his negligence.

7. PRACTICE—*directing what the verdict shall be.* Where a plaintiff wholly fails to prove an essential element to his right to recover, the court may properly instruct the jury to find for the defendant.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. Justice MORAN delivered the opinion of the Appellate Court, as follows, affirming the judgment of the trial court:

"Appellant was at work for appellees in a quarry, near to which was a machine for crushing the stone. The crushed stone was run from the crusher through a spout into cars, and as each car was filled it was run out on the track and an empty one brought up under the spout. The motion given to the full car would send it slowly along the track, and it was the duty of the man who was engaged in running out the full and bringing in the empty cars to run after such moving full car and climb on to it and set the brake, so as to stop the car. In attempting to stop a car in that manner, on August 6, 1888, the appellant was injured. He was employed to work in the quarry with a pick and shovel, but had on one or two instances worked at the crusher handling the cars. On the day of the accident he was directed by the foreman to attend to the cars, the man who usually attended to that work being absent. In attempting to stop a loaded car which he had just run out, the brake gave way in some manner, and he was thrown to the ground, and the wheels of the car ran over and crushed the fingers of one hand and one of his feet, causing a serious and permanent injury. He gave, on direct examination, an account of the manner in which the accident happened, as follows: 'When I moved the car so far I loosened the rope and ran around and was jumping on

the car; then I put on the brakes; I was pulling on the brake in order to stop the car, because the cars are stopped there. * * * The car was still in the act of running slowly; I was holding with all my strength the brake, to stop the car; then I got a sort of a push from the brake; it swung me about, and I fell down, and the car ran over me; that is all; the brake threw me down around; I was taking hold of it with all my might and with all my strength; that is why it threw me; something loosened on the chain below; the wheel I had in my hand turned; the chain gave way,—that is, on the handle below on the brake.' On cross-examination he said: 'I pulled the brake very hard on the car on which I was standing when hurt; I could not see what happened to the brake; I only felt that something had happened; there was something loosened on the chain below, so that the wheel I had in my hand turned; I could not think anything else was the matter, because the handle remained as it was, and something must have happened to the chain.'

"There was no evidence what, if any, defect, was in the brake or brake-chain, but it was shown that the car on which the accident occurred did not belong to appellees, but was a 'belt line' car, and that said car was not inspected by appellees' inspector. At the close of the plaintiff's evidence the court instructed the jury to find the defendants not guilty.

"There is no basis for the contention that plaintiff was injured by reason of lack of skill in performing the work which he was ordered to do. Assuming that he was in fact unfamiliar with the work, there is no evidence tending to show that he did not do it as well as the most skillful could have done. There is no pretense that he did not do the right thing at the right time and in the proper manner. His injury was clearly due to the breaking, from no fault of his, of the appliance which he was handling; therefore the only count of his declaration which the evidence would fit is the one charging a failure on the part of appellees to furnish, in and about the.

work which appellant was directed to do, proper cars, equipped, with suitable appliances and brakes for stopping and operating the same, and keeping them in proper repair, and that, by reason of the carelessness and negligence of appellees in that regard, plaintiff was injured. Was it error for the court to refuse to submit the evidence to the jury under this count?

"There was no evidence introduced or offered by plaintiff to show that the brake of this car was improperly constructed, or in what the defect in it consisted. The plaintiff's right to recover depended upon the proof of injurious negligence by the defendant. We agree with counsel for the appellant that the rule is well settled that the employer is bound to use diligence in providing and maintaining safe machinery and instrumentalities to be handled by the employes, and that in the operation of cars a most efficient, and, perhaps, a necessary, method of discharging that duty is to maintain a careful system of inspection, to see that the necessary appliances in use thereon are in good order, and sufficient to answer the purposes for which they are intended. We also agree that the same rule of reasonable care with reference to proper machinery and inspection applies in the case of cars belonging to other persons which the servant is required to operate in the course of the master's business, as governs when the cars are owned and provided by the master himself. Therefore, for the purposes of this case, we assume that appellees are responsible for defects in the apparatus on the belt line car on which the accident happened, to the same extent and upon the same principles as they would be if the injury was occasioned by a car belonging to appellees, and which was in use by them to remove the crushed stone. But there is in this case no proof which would make appellees liable if the accident had occurred on one of their own cars. Plaintiff neglected to prove a necessary element in his case: he has not shown that the accident was the result of negligence on the part of appellees. He alleged such negligence in his declaration, and

the burden was on him to prove it. Proving that the brake-chain parted, or that something gave out, so that the brake-wheel suddenly turned with him and threw him from the car, does not show that appellees were guilty of negligence. Why did the brake-chain part? Was it too light, not of the usual and proper size, or not properly attached? Did it break because of a defect in one of the links, or was it worn out from use? If there was a defect in it, could it have been discovered by proper inspection? To these questions the evidence introduced by plaintiff furnishes no answer.

"It is suggested, however, that plaintiff proved that there was no inspection of this car, and that the failure to inspect was negligence which entitles plaintiff to recover—that the failure to inspect throws on appellees the burden of showing that the brake apparatus was properly constructed, and that there was no defect in it that an inspection would have disclosed. This imposes the burden on the wrong party, and compels the defendant to prove that the injury *did not* result from his negligence. The proposition goes on an unwarrantable assumption, to-wit, that an inspection would have discovered the defective condition of the brake. That is an affirmative proposition to be shown by the evidence, and the burden of proving it rests on him who asserts it. If plaintiff had shown that the fault in the brake was in fact known to appellees' foreman or car inspector, but unknown to himself, he would have made out his case; and so, too, he would have made his case had he shown that the defect was of such a nature that it would have been known to them if they had exercised due care. No defect is latent which an inspection will disclose, hence appellees would be charged with knowing what an inspection would inform them of; but before a court or jury can say that their negligence in failing to inspect the car was the cause of plaintiff's injury, it must be shown by the evidence that the fault or defect in the appliance was one which a proper inspection would have made known to them.

This appears to be true on principle, and it is very clearly established by authority.

"In *C., C. and I. C. Ry. Co.* v. *Troesch,* 68 Ill. 545, it is said: 'The cases in this State and in sister States are, with great unanimity, to the effect, if injury arises from a defect or insufficiency in the machinery or implements furnished to the servant by the master, knowledge of the defect or insufficiency must be brought home to the master, or proof given he was ignorant of the same through his own negligence or want of care,—or, in other words, it must be shown he either knew or ought to have known the defects which caused the injury.'

"In *Chicago and Alton Railroad Co.* v. *Platt,* 89 Ill. 141, the injury was caused by a defective ladder which plaintiff was obliged to use in the performance of his duty as a brakeman. An instruction was given which told the jury, in substance, that if it was necessary for plaintiff, in discharge of his duty, to go upon said ladder, and that while going thereon the top step or round gave way or pulled out through a defect in the same, the jury should find for the plaintiff, if they believed, from the evidence, that plaintiff had no notice of the defect. In reversing the case for the giving of that instruction the court said: 'The instruction makes the supposed facts therein stated conclusive, when the facts stated might exist and yet the defendants be free from negligence. So far as is shown by the testimony, the car in question was in good order in all respects. This instruction omits an important element, and necessary to charge the company, and that is, knowledge on the part of the company of the defect in the ladder, or their ability to acquire this knowledge by the exercise of the highest degree of care bestowed upon its construction and then condition. * *. * Actual knowledge of the defect is not necessary, it being sufficient that the company might have been informed by the use of such diligence as the law imposes upon it; but when it did not know and could not have informed itself of the defect, the company can not be held responsible.'

"In *E. St. L. P. P. Co.* v. *Hightower*, 92 Ill. 139, the above quoted cases are followed, and it is said, that without proof that the defect in the pipe, which in that case caused the injury, might have been obtained by reasonable diligence, there could be no recovery, and that the burden was upon the plaintiff to make such proof. As illustrating the same rule, see *C. and A. N. W. Co.* v. *Pratt*, 14 Ill. App. 346, and *Chicago and Alton Railroad Co.* v. *Stites*, 20 id. 648.

"Authorities directly in point are not wanting in other States. In *Morrison* v. *The Phillips, etc., Cour. Com.* 44 Wis. 405, the injury was to horses that were being transported, and was caused by the breaking of one of the wheels under a freight car, but it was not shown what the defect or flaw in the wheel was. The trial court directed a verdict for the defendant, as was done in this case, and the Supreme Court, approving such action, used this language: 'The respondent's liability depending upon the carelessness or fault of its agents, employes or managers in some way, and appellant's right of recovery depending upon the same, being clearly shown by evidence, and it being his duty to furnish such evidence, it certainly was incumbent upon him to show how and why the accident occurred.' See, also, *Ballou* v. *Chicago, Milwaukee and St. Paul Railroad Co.* 54 Wis. 257, for discussion of a kindred subject.

"In *Ladd* v. *New Bedford Railroad Co.* 119 Mass. 412, the trial judge directed a verdict for the defendant, there being no evidence that there was any negligence in procuring the switch which, it was alleged, caused the injury, or any defect in the switch which could have been discovered upon a most careful inspection, and the ruling was affirmed.

"In *Spicer* v. *South Boston Iron Co.* 138 Mass. 426, the rule finds illustration in a case where it was held the plaintiff should recover. There the injury occurred by reason of a defect in an S hook. The plaintiff proved by witnesses how the hook looked after the break, and showed that there was a visible crack or flaw in the hook, above the flaw at the place of the

rupture, and the court held the evidence tended to show that a careful inspection would have revealed the weakness of the hook, and therefore there was evidence of negligence on the part of the defendant to support the verdict.

"In *Duffey* v. *Upton,* 113 Mass. 544, the action was to recover for an injury caused to an employe by the breaking of a derrick with which he was at work. The plaintiff proved the injury and that the machine gave way, and the court directed a verdict for the defendant. The Supreme Court approved the ruling, saying: 'It is not shown to have been caused by imperfection of machinery furnished by the master for the servant's use. The burden is on the plaintiff to show negligence, and this is not one of the cases where proof of the accident is *prima facie* evidence of negligence. The accident might have happened without the negligence alleged, and the means of knowledge as to the cause of the injury was clearly within the plaintiff's reach.' So we may say here: It was clearly within the power of plaintiff to have this car examined by some person after the accident, and thus to have shown what was the fault or defect.

"*Le Barron* v. *East Boston Ferry Co.* 11 Allen, 312, is instructive for the distinction that is taken between cases like the one under consideration and cases where a presumption of negligence arises from the happening of the accident. The plaintiff asked the court to rule, that, having proved due care on his part, and the occurrence of the accident, the law would imply negligence on the part of the defendants, and cast upon them the burden of proving that the accident happened without their fault. After pointing out that the rule asked by the plaintiff was applicable in such cases where trains under the exclusive management of the company ran off the track, where the same evidence which proved the injury done also proved the defendant's negligence or developed circumstances from which it must be presumed, the opinion says: 'Upon recurring to the facts in this case, it appears that this accident

might have happened without negligence on the part of the defendants, and that the means of knowledge as to the cause of injury were equally within the reach of both parties. The court therefore rightly declined to give the instruction asked for on this point.'

"A case directly in point is found in *DeGraff* v. *New York Central and Hudson River Railroad Co.* 76 N. Y. 125. There plaintiff was in the employ of defendant as a brakeman on a freight train. In applying a brake the chain broke, and plaintiff was thrown from the car and injured. Plaintiff proved that a chain of the size of the one in question, if of the best material, would bear a strain of six times the amount of power that could be applied by plaintiff, but did not show the cause of the fracture or nature of the defect. There was a motion for a non-suit, which the trial court denied, and the case was reversed for that error. The opinion, by CHURCH, C. J., says: 'There is an entire absence of evidence as to the nature and character of the defect or the cause of the breaking. We may imagine several causes: First, from an original defect in the iron; or second, in its manufacture; or third, by reason of weakness and ordinary decay by use; or fourth, by getting misplaced on the trip on which the accident occurred. There is no evidence that ordinary care and observation would have discovered all and either of these defects if they had existed, and they (the jury) must have so found, as they could not have singled out a defect which ordinary care would have discovered, because the particular defect was entirely unknown.' Again he says: "It is argued that the jury might have found negligence from the fact that there was some defect; but negligence is not to be presumed, and it is apparent that the chain might have become weak from use without being discoverable from an ordinary examination.' The opinion is long and the case well reasoned, and it is clearly shown, that in order to charge the employer when such an accident happens, it must be shown that the defect is one which could be discovered by a

proper inspection, even though, from the nature of the accident, it may be readily concluded that some defect did, in fact, exist.

"In the light of these authorities, and upon general principles of reason, the majority of this court are of the opinion that plaintiff wholly failed to prove an element essential to his right to recover, and that the verdict for defendants was properly directed, and the judgment must therefore be affirmed."

Mr. EDMUND FURTHMANN, for the appellant:

As to when the court is authorized to instruct the jury to find for the defendant, see *Jones* v. *Railroad Co.* 128 U. S. 443; *Doane* v. *Lockwood,* 115 Ill. 494; *Hubner* v. *Feige,* 90 id. 208; *Crowe* v. *People,* 92 id. 231; *Pennsylvania Co.* v. *Stoelke,* 104 id. 201; *Frazer* v. *Howe,* 106 id. 573; *People* v. *Insurance Exchange,* 126 id. 468.

Where there is evidence tending to establish a plaintiff's right to recover, it is an invasion of the province of the jury to instruct them to find for the defendant. *People* v. *Nedrow,* 16 Ill. App. 195; *Pemberton* v. *Williams,* 87 Ill. 15; *Pennsylvania Co.* v. *Scanlan,* 101 id. 95; *Hodges* v. *Bearse,* 129 id. 87.

Where the facts are undisputed, but different minds might reasonably draw different conclusions from them, the question of negligence is for the jury to determine, and not the court. *Bennett* v. *Insurance Co.* 39 Minn. 254; *State* v. *Houston,* 83 Ala. 361; *Needham* v. *Railroad Co.* 85 Ky. 423.

It is the duty of an employer to provide suitable and safe machinery and structures for use by employes, and failure to do so is such negligence as will sustain an action by an injured employe for damages. *Railroad Co.* v. *Shannon,* 43 Ill. 338; *Railway Co.* v. *Swett,* 45 id. 197; *Railroad Co.* v. *Sullivan,* 63 id. 293; *Railway Co.* v. *Fredericks,* 71 id. 294; *Railway Co.* v. *Taylor,* 69 id. 461.

It is also the duty of the employer to keep the same in safe and suitable repair. *Railway Co.* v. *Conroy,* 68 Ill. 560; *Railroad Co.* v. *Welch,* 52 id. 187.

It is not necessary for plaintiff to show that his employer had actual knowledge of the defects, it being sufficient that the employer might have been informed, by the use of due care, of the defects alleged. *Railroad Co.* v. *Platt,* 89 Ill. 141; *Railway Co.* v. *Flanigan,* 77 id. 365; *Perry* v. *Ricketts,* 55 id. 234; *Schooner "Norway"* v. *Jensen,* 52 id. 373.

If the employe has no means of knowing of the defect, or has, under the circumstances, but slight opportunity of knowing, it is not incumbent upon him to notify his employer of the defect. *Perry* v. *Ricketts,* 55 Ill. 234.

The law will imply and infer notice of any defect which, by the use of ordinary care, might have been known to the master. *Goff* v. *Railroad Co.* 28 Ill. App. 529.

The master impliedly contracts that he will make adequate provision that no danger shall ensue to the servant, and the master will be liable for injuries caused by defective machinery. *Railroad Co.* v. *Herbert,* 116 U. S. 642.

An employe has a right to act on the assumption that the employer has conformed to his legal duty by providing safe machinery and structures, and the burden of proof as to a servant's knowledge of defects is upon the employer. *Whalen* v. *Coal Co.* 16 Ill. 320; *Railway Co.* v. *Swett,* 45 Ill. 197; *Railroad Co.* v. *Welch,* 52 id. 183.

In *Chicago, Burlington and Quincy Railroad Co.* v. *Avery, supra,* it is said: "The master's own duty to the servant is always to be performed. The neglect of that duty is not a peril which the servant assumes." In other words, the liability to be injured from the failure of the master to inspect and repair a defective car or brake is not one of the ordinary risks of an employment which the master assumes.

Nor is the master to permit to be used in his business defective machinery, whereby the ordinary dangers of the service

will be enhanced.   These extra hazards which result from the master's failure to perform his duties to his employes, do not come within the risks which the latter assume as a part of their contract of service.   For all such extra hazards resulting in injury to the servant, which are not obvious, and of which the servant has no notice, the master is liable.   *Rolling Stock Co.* v. *Wilder,* 116 Ill. 112 ; *Stafford* v. *Railroad Co.* 114 id. 244.

The same principle is stated or recognized in Wharton on Negligence, sec. 206 ; Wood on Master and Servant, p. 803, sec. 419 ; *Hough* v. *Railroad Co.* 100 U. S. 213 ; *Railroad Co.* v. *Gregory,* 58 Ill. 284 ; *Railway Co.* v. *Flanigan,* 77 id. 371 ; *Furnace Co.* v. *Abend,* 107 id. 50 ; *Railroad Co.* v. *Johnson,* 116 id. 208 ; *Rolling Mill Co.* v. *Johnson,* 114 id. 57 ; *Railway Co.* v. *O'Conner,* 115 id. 258 ; *Ice Machine Co.* v. *Kiefer,* 26 Ill. App. 471.

Messrs. CAMPBELL & CUSTER, for the appellees :

The court has the right to require a verdict for the defendant for want of evidence.   *Simmons* v. *Railroad Co.* 110 Ill. 344 ; *Doane* v. *Lockwood,* 115 id. 490 ; *Blanchard* v. *Railroad Co.* 126 id. 416 ; *Insurance Co.* v. *Doster,* 106 U. S. 30.

Counsel examined and discussed the evidence, contending that it justified the instruction given.

Per CURIAM :   We have given this case a careful consideration, and we are satisfied that the Appellate Court arrived at a correct conclusion, and we concur in what was said in the opinion of that court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*