## Colfax Coal and Mining Company v. Adolph Johnson.

1. MASTER AND SERVANT—*Master Not a Warrantor of Appliances.*— The master does not, as to an employe, warrant that appliances furnished are safe, but only that he has not failed to use reasonable care and precaution to have them safe and suitable for the use to be made of them.

2. NEGLIGENCE—*What the Plaintiff Must Show.*—In an action for damages resulting from the breaking of a chain, in order to recover it was incumbent upon the plaintiff to show, so far as his right of recovery is based upon the insufficiency of the chain, not only that the chain parted and broke, but that the company ought, had it exercised reasonable care, to have discovered that it was deficient.

3. BURDEN OF PROOF—*Inspection of Appliances.*—The proposition that an inspection of appliances would have discovered the defect is an affirmative one to be shown by the evidence, and the burden of proving it rests upon him who asserts it.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed December 22, 1893.

The opinion states the case.

WELTY & STERLING, attorneys for appellant.

KERRICK, LUCAS & SPENCER, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment in the sum of $2,000, rendered in an action on the case brought by the appellee against the appellant company.

The declaration contained four counts. It was averred in the first count that the appellee was employed by the appellant company as a laborer to work together with others in its coal mine, under the control and direction of one Peter Recane as foreman; that said foreman, acting for the appellant company, attempted to lower into the mine a large log, suspending it by means of a chain under the cage; that the chain was insufficient to sustain the weight of the log, and

that Recane, the foreman, ought, and in the exercise of ordinary care could, and would have known that the chain was so insufficient, and that while the plaintiff, in the exercise of due care for his own safety, was pushing and pulling at said log as he was ordered by said foreman to do, the chain broke and the log fell upon the plaintiff and crushed, bruised and mashed his leg, etc.

The second and third counts do not differ in any material respect from the first, the injury received being attributed in each of them to the alleged insufficiency of the chain.

The fourth count alleges that the appellant company was negligent (1) in using a chain that was insufficient for the purpose (2) and that its foreman, Peter Recane, ordered and " directed the appellee to push and pull at the log, knowing that it was suspended only by said chain."

The evidence shows that appellee and four others, employes of the appellant company, were engaged in lowering timbers into its mine, to be used in laying and repairing the tracks and supporting the roof of the mine. John Carlson and one Anderson, two of the men thus employed, were stationed at the surface of the ground, while the appellee, Frank Carlson and Peter Recane were at the bottom of the shaft. The smaller timbers were placed in the cage by the men at the mouth of the shaft and let down, but larger " sticks " or logs were suspended by chains to the bottom of the cage and thus lowered.

The appellee, who was an experienced mine laborer, testified that " both ways were safe ways to let logs down," and that it was usual and customary in all the mines in which he had worked to lower small timbers in the cage and fasten heavier sticks or logs to the bottom of the cages by chains and thus let them down.

Two chains were used in attaching the logs to the cage; one was fastened to the cage, the other wrapped around the log and the two then linked or tied together. The appellee had, as he testified, frequently put the chain on logs and taken them off, and fully understood all about the work in which he was engaged.

On the occasion in question, it became necessary to lower a heavy piece of timber, and Peter Recane directed the appellee to bring a chain to be sent up in the cage. The appellee testified that he knew what the chain was to be used for and where to find it. He went and got it and it was sent up in the cage to the workmen at the top of the shaft. They received it, attached the timber or log to the bottom of the cage with it, and lowered the cage and timber safely to within about five feet of the bottom of the shaft where the appellee, Recane and Frank Carlson stood to receive and load the timber on a car. They endeavored to lift and swing the stick of timber or log onto the car, and while so engaged, the chain that was around it broke and it fell upon the appellee's leg and inflicted the injury sued for. As to this, the appellee testified: "I went to the timber to lift up one end high enough to get it onto the car. I lifted up the end of the timber and couldn't make it that time and laid it back again, and Peter Recane said, 'Go at it again.' I took hold of the timber and lifted it as high as I could, and the chain broke—the chain that the timber was hanging in—and the timber fell." Though the others who were present, testified, no further information was elicited as to the cause of the breaking of the chain or otherwise, as to the manner in which the unfortunate appellee received his hurt.

The appellee alleged that his injury was occasioned by the negligence of the appellant company (1) in furnishing an insufficient chain, and (2) in directing him, through Recane, to "push or pull or lift the log, well knowing that it was held only by the chain." It was not enough that the appellee should prove that he was injured, but it was incumbent upon him to prove that his injury was the result of negligence, as charged, on the part of the appellant company. Has he done so? There is an entire absence of proof as to the cause of the breaking of the chain. The fact that it did break, does not show that the appellant company was guilty of negligence. The duty of the company was to use ordinary care to provide a suitable and safe chain, and con-

duct the operation with reasonable care. The master does not, as to an employe, warrant that appliances furnished are safe, but only that he has not failed to use reasonable care and precaution to have them safe and suitable for the use to be made of them. Cooley on Torts, p. 557. The chain used on the occasion in question had been frequently successfully used, for the same purpose. As to it the appellee testified: " I knew the trace chain was around the log. They had lowered logs with it before; had seen him do it frequently, and I had put it on and taken it off logs."

It is clear the appellee knew as much about this chain as any one else, and equally clear that he regarded it as sufficiently strong. It had served like purposes frequently before to his knowledge. He had no cause to suspect that it would prove insufficient, much less had the master. Why did it break or part on this occasion? Was it worn out by use, or was there a defect in one of the links? Had it become weakened by rust, or one of the links cracked, or was there a flaw in the iron? The evidence furnishes no answer. In order to recover, it was incumbent upon the appellee to show, so far as his right of recovery was based upon the insufficiency of the chain, not only that the chain parted and broke, but that the appellant company ought, had it exercised reasonable care, to have discovered that it was deficient. Ought we conclude that the appellant company was negligent in failing to cause the chain to be inspected, when it is not shown that the defect in the chain, if any there was in it, was one which an inspection would have disclosed?

It is said in Sack v. Dolese et al., 137 Illinois, 129, that the proposition that an inspection would have discovered the defect is an affirmative one to be shown by the evidence, and that the burden of proving it rests on him who asserts it.

The evidence does not affirmatively show that there was any defect in the chain, nor can it be said that it must be concluded from the nature of the accident that some defect did, in fact, exist. It sustained the weight and bore the strain upon it until an effort was made to lift or swing the

timber on the car. It broke while the appellee and Recane were endeavoring to put the log upon the car. Liability of the appellant company is attempted to be predicated upon the alleged negligence of Peter Recane, in ordering the appellee to pull and push at the log, while suspended by that chain, for the purpose of placing it upon the car. We do not understand that it is claimed that the manner in which Recane sought to get the log upon the car was unusual or in itself dangerous or negligent, but that it became so because of the supposed insufficiency of the chain, and this being true, the argument or claim that liability is shown, fails, unless supplemented by proof, that the chain was defective or insufficient. This proof, we have seen, is wanting.

Moreover, there is nothing in the evidence tending to show that the attempt to get the log upon the car was unusual, dangerous or negligent in its character or in the manner of its attempted execution, or that the order to pull upon the log would likely result in breaking the chain. The appellee, Carlson and Recane, engaged in the effort to pull and lift the log upon the car, and while so doing the chain broke. How or why is not shown. That it was caused by negligence imputable to the appellant company is not established by proof of the accident, and liability can not be predicated upon mere conjecture as to the cause of the accident.

The principles announced in the opinion of Mr. Justice Moran, of the First Appellate District, rendered in the case of Sack v. Dolese et al., which was approved and adopted by the Supreme Court in the same case on appeal (137 Ill. 129), are aptly applicable to the questions arising in the case at bar and seem to be decisive against a right of recovery upon the case as made by the proof herein.

For the reasons indicated, the judgment must be reversed and the cause remanded.