## Wilhelm Ziech, Adm'r, v. Frank H. Hebard.

1. Negligence—*What Must be Proven.*—An action for negligence is based upon a neglect of duty, and both the duty and the neglect must be proven by the plaintiff.

Trespass on the Case.—Death from negligence. Appeal from the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

### Statement of the Case.

This is an action on the case by appellant for the death of his son, Arthur Ziech, caused by the negligence of the defendant's servants in the handling of furniture which they were delivering for a tenant of appellant. The premises where the injury was inflicted is known as 525 Albany avenue, Chicago. It is a three-story flat-building, facing east, on the

corner of an alley which runs along the south wall of the building. The rear yard is surrounded by a fence with a gate leading from the alley into the yard, through which the furniture in question was taken on the day of the injury. The rear of the building has the customary flat porches with stairs leading from one flight to another, as described in the abstract, and from the top of the third porch there extended west from the building a piece of timber to which was attached a pulley, over which ran a rope, and fastened to one end of the rope was an oak hook. A wagon was driven into the alley beside the gate in question, and two men removed some of the furniture from the wagon, placing it in the yard. Among the furniture was an extension dining table, which they shortly attempted to raise to the third porch of the building by means of the hoisting appliance referred to. A number of children, including the deceased boy, had been playing in the neighborhood, and when they saw the wagon drive up they ran around into the yard to witness the moving. After the table had been attached in some way to the hoisting appliance, one of the men, the second man in the meantime having gone to the third floor, attempted by means of the rope and pulley to hoist the dining table to the third floor of the building. As he was doing this, three of the little boys, including the deceased, stood beside the man and playfully handled the slack of the rope after the same had passed through the man's hands, and in this way the table was raised. It bumped against the porches as it was rapidly raised, and after it had reached the third floor and before the man who was in the third floor flat came out to catch it, the table fell, injuring the three boys who held the rope. Arthur Ziech was so badly injured that he died that afternoon, very shortly after the injury.

The cause came on for trial, and after the plaintiff had closed his case, the defendant made a motion to take the case from the jury, which motion was allowed by the court; under instruction from the court the jury rendered a verdict in favor of the defendant, and from a judgment entered on the verdict this appeal has been taken.

Edward E. Perley, attorney for appellant.

A. B. Jenks, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

The record fails to show what negligence, if any, the defendant was guilty of, which resulted in the accident.

The table fell, but that the fall was the result of negligence on the part of the defendant, does not appear.

The action of negligence is based upon a neglect of duty, and both the duty and the neglect must be proven by the plaintiff. R. R. Co. v. Evans, 88 Ill. 63; R. R. Co. v. Mock, 88 Ill. 87; R. R. Co. v. Wellhoener, 72 Ill. 60; Conlon v. Bailey, 58 Ill. App. 261; De La Vergne Refrigerator Co. v. McLeroth, 60 Ill. App. 529; R. R. Co. v. Grimes, 13 Ill. 585; Williams v. R. R. Co., 135 Ill. 491; Joliet Steel Co. v. Shields, 146 Ill. 603; Sack v. Dolese, 137 Ill. 129.

The plaintiff having failed to show that the deceased was injured in consequence of the neglect of the defendant, the jury was properly instructed to find for the defendant.

The judgment of the Circuit Court is affirmed.