### Mendota Light and Heat Co. v. Margaret Lafferty, Adm'x, etc.

1. NEGLIGENCE—*In Disobedience of Orders.*—The legal representatives of an employe, who in the performance of a hazardous service acts contrary to the express directions of his employer and is killed in consequence, can not recover.

---

Mendota Light & Heat Co. v. Lafferty.

Trespass on the Case.—Death from negligent act.   Appeal from the Circuit Court of La Salle County; the Hon. Charles Blanchard, Judge, presiding.   Heard in this court at the April term, 1900.   Reversed, with a finding of facts.   Opinion filed October 8, 1900.

John F. Madden and Duncan & Doyle, attorneys for appellant.

E. S. Browne and Trainor & Browne, attorneys for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

In the year 1896 appellant was engaged in the manufacture of "water" or "naphtha" gas in the city of Mendota, Illinois.  Its superintendent at the time of the occurrence in question here was Charles Lathrop, and it had in its employ a laborer named James Lafferty.  On November 20th of that year it was decided to put in a "drip" for the purpose of letting out water which might find its way into the pipe and obstruct the flow of the gas, at the end of a small main.  A ditch was thereupon dug by Lafferty under the direction of Lathrop, at the desired point, which was completed about three o'clock P. M., and after it was done the two men went to the company's shop to prepare fittings.  On the way to the shop Lathrop asked Lafferty if he could put the drip in alone, and he answered, "Yes, sir, I will put it in alone," and Lathrop said, "All right."  After remaining at the shop a short time Lathrop went away to attend to some other work, but before going, changed his instructions to Lafferty and told him to wait until he (Lathrop) got back.  Lathrop did not return until about five o'clock P. M., which he says was "quitting time" at that time of the year.  He found no one there, the lights turned down and the shop left as it was usually left for the night, and he thereupon locked the door and went home.  The next morning the body of Lafferty was found in the ditch above referred to.  The cap had been removed from the end of the main, letting the gas escape, and Lafferty had evi-

dently been asphyxiated. Margaret Lafferty, a daughter of deceased, was appointed administratrix and brought suit against appellant to recover damages for the death of her father. The jury awarded her a verdict of $2,500, for which amount judgment was rendered by the court. Appellant asks that the judgment be reversed on the ground that the evidence does not sustain the verdict. It is contended by appellee that Lafferty came to his death through the negligence of appellant; that said negligence consisted in keeping in its employ an incompetent and inexperienced man as superintendent and in sending deceased, by and through said superintendent, to put in the drip alone, which work said superintendent ought to have known was dangerous.

If Lafferty engaged in the work in which he met his death, without any direction or instruction, express or implied, from appellant, or if he engaged therein in disregard or violation of appellant's instructions, it is plain that appellee is not entitled to recover. The only evidence upon this subject is the testimony of Lathrop, who was sworn for appellee, and the witness Anton Kuelgen, who was sworn for appellant. Lathrop swore that prior to leaving the shop he said to Lafferty, "Jim, you screw up those fittings and wait until I get back and I will go along with you." Kuelgen swore that he was present at the conversation and heard Lathrop tell Lafferty "to wait there until he, Lathop, would come back." There was no attempt made to contradict this testimony in any particular, and it plainly shows that Lafferty was violating the instructions of his superintendent at the time he met with the accident. Under such circumstances the question of the competency or incompetency of the superintendent is unimportant, but it does not appear from the weight of the evidence that he was incompetent.

Appellee apparently relied upon mere proof of the accident to make out a *prima facie* case and shift the burden of proof upon appellant. Such a position, however, is not sustained by the law.

" Mere proof of the accident or injury does not shift the burden of proof on the master and require him to show that the injury did not result from his negligence, nor is the mere happening of the accident even *prima facie* evidence of negligence against the employer." Wabash R. R. Co. v. Farrell, 79 Ill. App. 508; Sack v. Dolese, 137 Ill. 129.

The evidence in this case wholly failed to sustain the verdict, and the judgment based thereon must be reversed.

Judgment reversed.

**Finding of Facts** to be incorporated in the judgment:

We find that, at the time of the accident in question, the deceased, James Lafferty, was acting contrary to the express directions of appellant and that appellant was guilty of no negligence causing or contributing to the accident which resulted in Lafferty's death.