## Joseph Muench v. The Standard Brewery.

### Gen. No. 11,069.

1. ERRORS—*when, deemed harmless.* Errors intervening during the trial of a cause are harmless where the plaintiff, who is complaining of such errors, is not entitled, upon the entire case, to a recovery.

2. DEFECTIVE APPARATUS—*what does not establish.* Where it is claimed that injury has resulted by reason of the defective condition of a wire, which it is alleged was made of iron and was old, rusty and full of kinks, a recovery cannot be had where it does not appear that such wire was weakened thereby or that the same broke at a place where kinks existed or at a point where it was rusty.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 12, 1904.

FRED W. BENTLEY, for appellant.

F. J. CANTY and J. C. M. CLOW, for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

This was an action to recover for personal injuries. Appellant being in the employ of appellee was, as he testifies, ordered by its chief engineer to go upon the roof of a shed of its brewery and assist him in putting up a smoke stack which had fallen down. The engineer having fastened one end of a coil of wire to the stack, told appellant to "go back and pull" at the wire. While appellant was so engaged and standing near the edge of the roof, the wire broke and he fell from the roof to the ground, thereby sustaining the injuries sued for.

The jury rendered a verdict of not guilty, upon which judgment was entered. Appellant assigns various errors which we do not think it necessary to consider because, in our opinion, the proof did not show a cause of action and the trial court should have directed a verdict of not guilty as it was asked to do.

In Sack v. Dolese, 137 Ill. 129, an employe was injured

by the giving way of a chain attached to a brake. There being no evidence of any defect in the chain or of what caused it to part, it was held that an instruction directing a verdict for the employer was properly given. To the same effect are Coal & Mining Co. v. Johnson, 52 Ill. App. 383; Myers v. Barge Co., 64 Ill. App. 187; Ziech v. Hebard, 67 Ill. App. 97.

The proof most favorable to appellant concerning the condition of the wire in question shows nothing further than that it was of iron, old, rusty and "full of kinks." We all know that a piece of iron exposed to the atmosphere becomes rusty on the surface; but mere rust does not indicate a defect. The same thing may be said of "kinks." It was not even shown that the wire broke where it was rusty or where the "kinks" were.

The judgment of the Superior Court is affirmed.

*Affirmed.*