Fourth District—March, 1912.        431

Eaton v. St. Louis & Northeastern Ry. Co., 173 Ill. App. 431.

## Howard L. Eaton, Appellee, v. St. Louis & Northeastern Ry. Co. et al., Appellants.

1. MASTER AND SERVANT—*explosion of fuzee.* A railway company is not liable for injuries sustained by a motorman, as a result of the explosion of a fuzee caused by a hidden defect, where it does not appear that the company was negligent in the purchase of them from the manufacturers.

2. MASTER AND SERVANT—*failure of master to inspect defective appliances.* The mere failure of the master to inspect defective appliances, is not negligence unless it further appears that a reasonable inspection thereof would have revealed the defect causing the injury.

3. MASTER AND SERVANT—*res ipsa loquitur.* The doctrine of *res ipsa loquitur* is not applicable in a suit by a motorman against the railway company to recover for injuries sustained as a result of the explosion of a fuzee.

4. MASTER AND SERVANT—*directing verdict.* Where the evidence in a suit against a railway company to recover for injuries, sustained by plaintiff, a motorman, on the explosion of a fuzee, does not show that the defendant knew or ought to have known of such defect on a reasonable inspection, nor that the company was negligent in the purchase of fuzees, it is error to refuse to direct a verdict for the defendant.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1911. Reversed with finding of facts. Opinion filed March 21, 1912. Rehearing denied June 13, 1912.

TERRY & GUELTIG and H. C. DILLON, for appellant; GEORGE W. BURTON and GEORGE W. BLACK, of counsel.

C. H. BURTON, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This was a suit to recover damages for an injury to appellee occasioned by the premature explosion of an appliance called a fuzee used as an emergency signal

to secure safe distances between trains on the same track. Appellee at the time was employed by the appellant St. Louis & Northeastern Railway as a motorman and was engaged in running one of its electric cars. The declaration was in the usual form charging appellants with the duty to use reasonable care to furnish appellee with reasonably safe appliances, and as a breach of such duty it was charged appellants furnished him with a fuzee dangerous and unsafe, which condition was known, or should have been known to appellants and was unknown to appellee. It was further averred that in lighting the fuzee in the exercise of care, it exploded in his hand, whereby he sustained an injury to his face and one of his eyes. There was substantially no conflict in the evidence.

Appellee at the time he was injured was the motorman on a car of appellant, St. L. & N. E. Ry. He left East St. Louis late at night and was followed by another car due to leave the same station ten minutes later. The power being weak he found when a short distance south of Edwardsville that he would have to stop, and to protect his car from a rear end collision from the car following, he lighted a fuzee in the usual way, intending to throw it off as a signal, when it exploded, lacerating his face and injuring to some extent his left eye.

The car was supplied with fuzees for the purpose of signalling when occasion required. The fuzees are round hollow tubes about an inch in diameter and from eight to ten inches in length with a metal spike at one end to drive into the ground when set up or thrown from the car. At the other end there is a cap which is removed, and the exposed end covered with a composition, which when struck or rubbed by the cap, lights the material inside the tube. This was done by appellee on this occasion with one of the fuzees taken from the supply on the car, and before it could be thrown from the car it exploded.

There was no evidence in the case tending to prove

Eaton v. St. Louis & Northeastern Ry. Co., 173 Ill. App. 431.

appellants had any notice either actual or constructive of any defect in the fuzees supplied to that car, and from which appellee selected the one that exploded. The fuzees were manufactured by the Western Ry. Signal Co., a concern engaged in the manufacture of railroad signals of various kinds, and the evidence showed their fuzees had been in use for years by many of the large railway systems of the country. Indeed the evidence shows they are used by nearly all the great trunk lines. In addition to this, witnesses engaged in the railroad service for years testified to their use. A conductor on the Illinois Central stating he had used something like two thousand and none exploded. Another conductor on the C. & A. R. R. stated he had used as many as one thousand and but one exploded, caused by striking a rail. The evidence further shows that it is not possible to tell the condition of the contents of the fuzee by observing the outside portion, and there is no way of examining the contents except by destroying it. Appellee testified that during his service for appellants he had used fifty or more of this same make, and he further said he looked at the one which exploded, and so far as he could observe it was in good condition and all right. A witness Dye testified he had been a conductor on the same system of which appellants are a part for six years and had used seventy-five or one hundred of the fuzees; that he threw a lighted one out and it exploded about the time it struck the ground and may have struck a tie. Another witness testified to the explosion of a fuzee two years before, but the evidence does not show what make of fuzee it was.

Taking this evidence altogether it does not furnish any proof that appellants had any notice either actual or constructive of any defect in the fuzees supplied to that car, nor does it tend to prove any negligence on their part in the purchase of them from the manufacturers.

It is argued that it was the duty of appellants to

furnish fuzees which would not explode. It is the duty of the master to inspect and repair appliances, to make all needed inspections, and to apply all reasonable and usual tests to discover defects, but a mere failure to inspect appliances is not negligence, unless it further appears that in the proper exercise of that duty the actual defect which caused the injury would have been discovered. (Bailey's Personal Injuries Relating to Master and Servant, 2621.) In the absence of such evidence it does not appear that the master in the exercise of reasonable care would have known of the defect.

As before stated, appellee looked at the fuzee and found it in good condition and all right, and there is no evidence of any defect that might have been discovered by a reasonable inspection. If the fuzee was defective it was a hidden defect inside the tube that no inspection would discover without going inside the fuzee and destroying it, which would be impracticable and which the law does not require.

"There can certainly be no negligence imputed to appellants where a defect is not discoverable." Taylor v. Centralia Coal Co., 155 Ill. App. 331. Sack v. Dolese, 137 Ill. 129. The master to be liable must know or ought to know of the defects. Sack v. Dolese, *supra;* C. C. & I. C. Ry. v. Troesch, 68 Ill. 545; C. & A. R. R. v. Platt, 89 Ill. 141.

The foregoing portion of this opinion has been based upon the general and well established rules of the law of Master and Servant which require the servant to aver and prove among other things that the master knew or ought to have known of the defect as averred in appellee's declaration, but it is contended by appellee that the doctrine of *res ipsa loquitur* is applicable and that proof of the happening of the accident is evidence in the absence of explanation by appellants that the accident arose from want of care.

Without extending this opinion in a discussion of the doctrine of *res ipsa loquitur* we are satisfied that

it has no application to this case. The opinions in the cases of the Diamond Glue Co. v. Wietzychowski, 227 Ill. 342, and Spring Valley Coal Co. v. Buzis, 213 Ill. 341, being on principle decisive of the question here. There was no circumstance under which the injury was received which furnished any proof of negligence, and in such case the mere fact that the employe was injured is not sufficient to establish that the employer was so guilty.

The court should have allowed appellant's motion to instruct the jury to find the defendants not guilty at the close of the evidence, and it was error to refuse the instruction.

It is unnecessary in this view of the case to determine other alleged errors assigned in the record.

The judgment will be reversed.

*Reversed.*

Finding of facts to be incorporated in the record: We find as an ultimate fact that appellants were not guilty of the negligence averred in the declaration.