JOHN WILLIAMS v. JOHN M. RAPER.

*Pleading—Declaration—Trover—Execution—Levy on chattel-mortgaged property.*

1. In a declaration artistically drawn, the pleader should set out the facts which constitute his cause of action logically, and in their natural order, showing his right, the injury, and the consequent damage; and if such pleading does not disclose a cause of action, no evidence can be introduced in support of it.

2. The declaration in this case is held to state a cause of action.

3. Although a general statement of facts which admits of almost any proof to sustain it is objectionable, yet, if not taken advantage of by demurrer, it is sufficient, after pleading to the merits, to admit testimony to sustain the cause of action stated.

4. In trover by a mortgagee for the conversion of the mortgaged property, the declaration need not set out the *nature* of the interest of the plaintiff in the property, that being matter of evidence. *Harvey v. McAdams*, 32 Mich. 472. ·

5. How. Stat. § 7682, authorizes a levy upon chattel-mortgaged property subject to the mortgage, where it is conceded to be a valid lien; but if the officer does not recognize the right of the mortgagee, he need not so levy, and the validity of the mortgage may be tested in a suit against the officer, and, if found valid, his execution will be no protection from liability for a levy and sale contrary to said statute.[1]

Error to Mecosta. (Fuller, J.)   Argued October 21, 1887. Decided October 27, 1887.

Case.   Plaintiff brings error.   Reversed.   The facts are stated in the opinion.

*Clink & Jones,* for appellant.

*D. F. Glidden,* for defendant.

---

[1] Where a chattel mortgage is a *valid* security for a *firm* but not for an *individual* debt, an attaching creditor should levy subject to the mortgage, which he can treat as *void* in so far as it secures the payment of the *latter* debt.   *Walker v. White,* 60 Mich. 428.

See, also, note to How. Stat. § 7682, as to manner of levy or seizure by attachment, and to what *extent* the rights of the mortgagee to the possession of the property may be interfered with.

CHAMPLIN, J.   Plaintiff held a chattel mortgage upon certain property executed by one Tracy, which was properly filed.

Defendant was a constable, and, as such, levied upon and sold the property covered by the mortgage.

The plaintiff brought this suit, declaring against said defendant on a plea of trespass upon the case.

In his declaration he averred the ownership of the property by Tracy, the indebtedness of Tracy to him, and the execution and filing of the chattel mortgage to secure such indebtedness.   The declaration then proceeds as follows:

" And the said defendant, well knowing the premises, and having both actual and constructive notice of said plaintiff's mortgage lien, and of the premises, in utter disregard thereof, and of the rights and interests of said plaintiff, unlawfully, and with intent to wrong, injure, and defraud said plaintiff, and with intent to injure and destroy the mortgage lien of said plaintiff and his security, as aforesaid, for the payment of the aforesaid indebtedness from said Tracy, without the authority of law, levied upon and seized and took into his possession, without the consent or knowledge of the plaintiff, and against his will, the goods, chattels, and property aforesaid, and which was covered by said mortgage, and unlawfully sold and disposed of said goods and chattels, and thereby injured and destroyed the security of this plaintiff.

" And at the time said defendant so seized, levied upon, and took into his possession the goods and chattels aforesaid, as aforesaid, the said John Tracy, the said mortgagor, was and ever since has been wholly insolvent, and possessed of no property whatever liable to execution, and no part whatever of the indebtedness to this plaintiff from said John Tracy has ever been paid by or on behalf of said Tracy; all of which was well known to the defendant at the time of the unlawful taking and conversion of said goods and chattels as aforesaid; and the only means the said plaintiff had by which he could obtain payment of the aforesaid indebtedness of said Tracy was through and by means of his said mortgage security, which, by means of the premises, was injured and wholly destroyed by said defendant; all of which was and is to the damage of said plaintiff fourteen hundred dollars."

The defendant pleaded the general issue, and gave notice—

"That, under the general issue above pleaded, the said defendant will give in evidence that, if he ever took any of of the property, goods, and chattels named in said plaintiff's declaration in this cause, he took sa'd goods, chattels, and property under and by virtue of a writ of execution issued out of justice's court against the goods and chattels of John Tracy; that said goods and chattels were the property of said John Tracy, and were subject to execution and levy; and that said defendant was acting as a constable, in execution of a valid writ issued out of a court of competent jurisdiction."

Upon the trial, the plaintiff introduced his mortgage in evidence; also the execution and the return. He also offered to prove that the defendant did not sell the goods covered by the mortgage in one parcel, subject to the mortgage, but sold them in parcels; but the court excluded the testimony, on the ground that the declaration was insufficient to allow such proof to be given.

It is laid down by Mr. Chitty, in his work on Pleading, that—

"Although any particular fact may be the gist of a party's case, and the statement of it is indispensable, it is still a most important principle of the law of pleading that in alleging the fact it is unnecessary to state such circumstances as merely tend to *prove the truth of it.*"

In a declaration artistically drawn, the pleader should set out the facts which constitute his cause of action logically, and in their natural order, showing his right, the injury, and the consequent damage. If it does not disclose a cause of action, no evidence can be introduced in support of it.

The declaration in this case does allege facts which constitute a cause of action, although the language is general. The averment that the acts of defendant were " unlawful," being a mere conclusion of law, may be regarded as surplusage, and, if the word "unlawful" be stricken out, a cause of action is disclosed by the facts stated.

Although a general statement of facts which admits of almost any proof to sustain it is objectionable, yet, if not taken advantage of by demurrer, it is sufficient, after pleading to the merits, to admit testimony to sustain the cause of action stated.

In *Harvey v. McAdams*, 32 Mich. 472, an action of trover was brought by a mortgagee against a constable who had levied upon property covered by the mortgage, and sold the same in parcels, in disregard of the mortgagee's rights. On the trial, the defendant objected to the introduction in evidence of the mortgage, on the ground that the declaration counted upon a conversion of plaintiff's property without setting out the nature of the interest, and was not calculated to inform defendant of what he would be expected to meet. The Court held the objection untenable, saying, " Those are matters of evidence merely."

The gist of the plaintiff's declaration is the wrongful sale and disposition of the goods covered by the mortgage; in other words, the wrongful conversion of them; and the manner of the sale was merely evidence of such wrongful conversion, which had the effect to destroy plaintiff's security.

It is urged that the defendant had the right to levy upon the goods under section 7682, How. Stat. It is true that the statute authorizes the levy, but only subject to the mortgage where such mortgage is conceded to be a valid lien. If the officer does not recognize the right of the mortgagee, he need not levy subject to the mortgage, and its validity may be tested in a suit against the officer, and, if it proves to be a valid lien, his execution will be no protection from liability for a levy and sale contrary to the statute.

The testimony excluded in this case should have been received.

The judgment is reversed, and a new trial ordered.

SHERWOOD and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.