BURRMAN *v.* GRAND TRUNK WESTERN RAILWAY.

1. MASTER AND SERVANT—PERSONAL INJURIES—RAILROADS—FEL-
LOW-SERVANTS.
   Where the foreman of a railroad construction gang, operating
   with a train, orders the train to be moved, which is done
   without giving the statutory signals, resulting in the injury
   of a laborer, the negligence of not giving the signals is that
   of the engineer and fireman in charge of the engine, who are
   fellow-servants of the laborer, and the foreman not being in
   a position to see that the laborer is in danger, the railroad
   company is not liable.[1]

2. SAME—LOOKOUT—DUTY TO MAINTAIN.
   A railroad company operating a construction train consist-
   ing of a locomotive, way car, and flat car, the flat car being
   in the rear, owes no duty to the laborers of the gang to keep
   a lookout stationed on the flat car when the train is backing.

Error to Wayne; Frazer, J.   Submitted February 8,
1906.   (Docket No. 116.)   Decided April 30, 1906.

Case by Charles Burrman against the Grand Trunk
Western Railway for personal injuries.   There was judg-
ment for defendant on a verdict directed by the court,
and plaintiff brings error.   Affirmed.

*Thomas Hislop*, for appellant.

*Harrison Geer*, for appellee.

OSTRANDER, J.   Plaintiff, in November, 1901, sustained
serious personal injury by being struck and run over
by defendant's work train at Swartz Creek, in this State.
He was, with other workmen, engaged in making repairs
to a switch on the railway tracks, and in crossing the
south one of two of defendant's tracks, constructed eight
feet from each other, for the purpose of reaching a pile of

---

[1] As to whether servants handling work train and servants em-
ployed on permanent way are fellow-servants, see note to *Sofield* v.
*Guggenheim Smelting Co.* (N. J. Err. & App.), 50 L. R. A. 434.

143 MICH.—44.

splits, which were to be loaded upon a small car on the north track, was the last man to cross, was struck by a flat car, which, with the attached locomotive, was used in construction and had for some time been standing upon the track a short distance, perhaps a car length, to the east of the place where the injury was inflicted.

It is charged in the declaration that the locomotive was in charge of an engineer and fireman, who, with plaintiff and all others there employed, were under orders of and required to obey one Frank Transzaw, foreman of the construction crew, and that the train, which had for a long period of time remained stationary, was, by order of the foreman and without warning, negligently and carelessly and recklessly moved; that no lookout was stationed upon the flat car. It is the theory of counsel for the plaintiff that the foreman was the person responsible for the injury, he being upon the locomotive and having ordered the train moved at a time when, obeying his instructions, the men were crossing or about to cross the track upon which the train was operated; that the foreman was in no sense the fellow-servant of plaintiff, but represented and stood in place of defendant. The trial judge, who directed a verdict for the defendant, thus expressed his views:

"Suppose a man should control a certain number of men as the foreman did in this case, and he says to these men, move this train; he is not responsible if those men violate their rules, the rules of the company, in the moving of that train; but, if he directs the moving and violates the rules, then that company is liable; but the company is not liable for the violation of the rules by somebody under the direction of the vice principal, because they do not carry out his orders according to the rules laid down by the company. You see, to make him responsible for the act of another man would be unreasonable and unjust. There is no evidence in this case that he ordered this train moved without the bell being rung or the whistle being blown. If he had said so, if he had said, 'move this train, you need not ring the bell or blow the whistle,' and he was a vice principal, then the company would have been liable for it; but if he orders them

to move the train, and the engineer was guilty of this negligence, it is not the negligence of the railroad company nor of the vice principal, but the negligence of the engineer and fireman whose duty it was to ring the bell and blow the whistle. Therefore. I say to you, and I charge you, for the benefit of the plaintiff in this case, so that my opinion may be reviewed fully, and all questions may be presented, and nothing may be omitted on the part of the circuit judge in delivering the opinion, I charge you that in this case the negligence proven in this case was the negligence of a fellow-servant, even if this negligence had been the negligence of the foreman of the gang, and I am amply sustained in this opinion, and I am required to give this opinion under the law as I interpret it, by the authority of *Schroeder* v. *Railroad Co.*, 103 Mich. 213 (29 L. R. A. 321). They have reviewed all these cases, and they have attempted to distinguish different cases. I will pass that by, and I will follow the authority of 103 Mich., laid down by a majority of the court, which is binding upon me, that in my opinion this foreman was a fellow-servant, and then I go further and say that, even if he was a vice principal and not a fellow-servant, the negligence, under the evidence here, is not shown to be the negligence of the foreman, because he has the right to move the train whenever he sees fit, and if anybody else—the engineer or the fireman —sees fit to be guilty of negligence, it is not chargeable against the vice principal, and not chargeable against the railroad company. These are the principles I am compelled to lay down from these cases, and I have attempted to base my opinion and lay down what I conceive to be something of the reason for distinguishing between a vice principal and a fellow-servant. It is the law, in my opinion, laid down by the Supreme Court that guides me in expressing my opinion here, and my duty is nothing more than to charge you: *First*, that the plaintiff has been guilty of contributory negligence in passing across those tracks in the way he did, without looking to see whether the other train was moving down upon him or not; *secondly*, that, if I am wrong in that proposition (and I don't think I am) in the second place, the negligence was the negligence of a fellow-servant—therefore, gentlemen of the jury, it is my duty to instruct you to render a verdict for the defendant in this case.

" *Mr. Hislop:* Your honor, perhaps, did not notice that the plaintiff swore he did see the train before he left

the other track, and it was standing still when he started to cross.

"*The Court:* Gentlemen of the jury. If the plaintiff did look at the train before he attempted to cross that track—I did not care to put the case in as strong a way as that against the plaintiff—but if he did look at that train and it was standing still, he could have passed over that track with any kind of degree of care without being hurt at all; any man that could not pass over a track with a car just starting up in 50 feet must have stood there for some purpose unknown to me, and, if he did see that train moving and undertook to pass before it, he was not only guilty of contributory negligence, but in my opinion of almost criminal negligence for undertaking to pass before a moving train in that manner."

The bill of exceptions contains all of the testimony. It has been carefully read. There is no testimony tending to show that the foreman, having directed the train to be moved, had or assumed any control over the machinery of movement, or that he was in position to see that plaintiff was in danger. Failure to give signals, if any were required, was the fault of the engine men, who were clearly fellow-servants of plaintiff. They were all engaged in the common enterprise of double-tracking defendant's road. *La Barre* v. *Railway Co.*, 133 Mich. 192. The train was on defendant's track. No lookout was stationed upon the flat car, but there were two men on the car who, until it began to move, were loading it with lumber. The train consisted of a way car, flat car, and locomotive. There is nothing in the record to support the theory that defendant owed to plaintiff the duty to maintain, under the circumstances, a lookout on the car. *Carlson* v. *Railroad Co.*, 120 Mich. 481.

What has been said disposes of the case and requires affirmance of the judgment. It is, however, proper to say further that evidence of the negligence of plaintiff contributing to the injury is most conclusive.

Judgment affirmed.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.