## Mathew Medley, Appellee, v. American Car & Foundry Company, Appellant.

1. MASTER AND SERVANT—*what does not constitute negligence.* It is not actionable negligence for a master to adopt one of several methods of doing work, both of which methods are in general use, even though the adoption of the other method would have prevented the injury.

2. MASTER AND SERVANT—*what essential to recovery where injury results from obedience of order.* In order for a servant to recover of his master for injuries sustained while obeying orders of the latter, it must appear that he was ordered to do work that was dangerous, that the master knew the danger to which the servant was exposed by the order, or, by the exercise of reasonable care, should have known it, and that in the exercise of ordinary care such master might reasonably be held to have anticipated the consequences of giving the order.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1907. Reversed, with finding of facts. Opinion filed March 18, 1908.

WISE & McNULTY, for appellant.

J. M. BANDY and KEEFE and SULLIVAN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action in case brought by appellee against appellant to recover damages for injuries alleged to be due to the negligence of appellant. The declaration consists of three counts, but at the close of the evidence the court instructed the jury to disregard the first and second counts and submitted the case upon the issues made upon the third count alone.

The plea of the general issue was filed, the case was tried by a jury and a verdict rendered in favor of the plaintiff for $1,000, and from a judgment on the verdict the defendant appealed. Argument is mainly directed to the contention of appellant, that the trial court erred in refusing to direct the jury to find the defendant not guilty.

At the time of his injury appellee was at work making car sills by riveting together iron plates brought to him from another department where they had been prepared with holes punched at certain intervals intended to correspond when the plates were brought together. In the operation it was appellee's work to put bolts or rivets through the holes and by means of a pressing machine called a "squeezer" to clinch or head the rivet. Sometimes the holes in the two plates would not exactly correspond, and to bring them into line for the rivets it was necessary to use a punch or "drift-pin" and with a hammer to drive out the obstructing material. When this was impracticable, resort was had to the "reamer," a machine or implement by which the holes could be enlarged sufficiently to receive the rivets. The plates to be joined were first fastened together temporarily with a few bolts put through holes that were clear and then by means of a crane, chain, clamp, and a bolt through the plates near the middle, the plates were suspended and while in this position the riveting was done. The weight of the plates, less than five hundred pounds, was sustained by a bolt five-eighths of an inch in diameter, which according to the evidence was capable of bearing as much as five tons. On the tenth of March, 1906, the day of the injury, while engaged in riveting plates, as above indicated, appellee found some of the holes in opposite plates so much out of line as to require more hammering than usual in driving the drift-pin to bring the holes together and testifies that he told Reese, the foreman, that the irons were not properly drilled and that he thought something might break from the hammering required. He further testifies that Reese told him there was no danger, to go ahead with his work and that he (Reese) would see that other plates sent up should be better prepared. Appellee continued at work, using the drift-pin and hammer, and while so engaged the bolt to which the clamp was attached broke and the plates fell to the ground, striking and injuring

appellee's foot. The apparatus and the manner of operation was the same as in general use in other factories of like kind in doing like work. It is alleged by the declaration that to use the hammer and drift-pin in driving the holes larger, while the plates were suspended was an unsafe and dangerous operation, liable to cause the chain or bolt to break and allow the plates to fall; and, in substance, it is alleged that the defendant, by its foreman, negligently ordered appellee to so use the hammer and punch while the sills were suspended, by reason of which the sustaining bolt broke, the plates fell and caused the injury complained of. There is neither allegation nor proof that the appellant knew or by the exercise of reasonable care should have known that to do the work as ordered was dangerous or likely to injure appellee. In order to maintain his action it was necessary to prove the negligence alleged, that is, that to do the work in the manner directed was dangerous, and that appellant knew or by the exercise of reasonable care should have known that it was dangerous, for without such showing it cannot be held that it was negligence to give the order. The evidence is undisputed that an iron bolt of the kind and size in use at the time of the injury, was capable of sustaining several times the weight of the plates then suspended, and that no one had ever before known of a bolt so used breaking or giving away under like operations, or that there was any notice or suggestion of danger other than the opinion of appellee, which he testifies he expressed to the foreman. There is no complaint that the apparatus was imperfect or not suited for the purpose for which it was used, or that it was in any manner out of repair or that the bolt which broke was defective in size or material or otherwise unfit for use. The principle of law applicable in cases of defective machinery and unsafe places to work where an employe is required against his better judgment to go ahead notwithstanding apparent danger, may not be invoked under the facts in this case because the danger was not

apparent either to employe or employer, and there is no evidence tending to show that either might reasonably have anticipated and, by the exercise of ordinary care, have provided against the happening which caused the injury. The mere fact that the bolt broke and injury resulted, is no evidence of negligence. Sack v. Dolese, 137 Ill. 129; Colfax Coal & Mining Co. v. Johnson, 52 App. 383.

Appellee insists that to enlarge the holes by using the reamer was less hazardous than by the method directed by the foreman. It may be said in reply, that there is no evidence that one method was less or more dangerous than the other. Until the occurence which resulted injuriously, both were considered safe. From the experience of appellee, the foreman, and others engaged in like work for many years, no danger was to be apprehended from the use of hammer and drift-pin, which it is claimed caused the bolt to break; hence, the failure of appellant to adopt one method rather than the other, both being in general use, was not actionable negligence, though by so doing the accident would have been averted. Swinercz v. Illinois Steel Company, 231 Ill. 456, is in point. There, as here, the plaintiff's cause of action founded on the alleged negligence of the defendant in giving an order to do a dangerous piece of work. The court says: "That the uncovering of the molds was attended with danger is shown by the fact that the plaintiff was injured in doing it, but if the defendant had no reason to anticipate that danger there was no negligence in giving the order to do it. The duty of the defendant was neither to see that the plaintiff was not injured in doing his work, nor to see that he was exposed to danger in doing his work, but was only to use reasonable care to see that he was not unnecessarily exposed to danger. If the master negligently gives an order, in obeying which the servant is exposed to danger which he would not otherwise have encountered, the master may be held liable for an injury suffered by the servant; but an order given to a servant

in the ordinary course of employment, even though the act to be done is dangerous, does not make the master liable for an injury which he could not be expected to anticipate.'' It was incumbent on the appellee to prove that he was ordered to do work that was dangerous, that the appellant knew the danger to which appellee was exposed by the order, or by the exercise of reasonable care should have known it, and in the exercise of ordinary care might reasonably be held to have anticipated the consequence of giving the order. As there is no evidence tending to prove the negligence alleged, the action must fail. The judgment will therefore be reversed without remanding.

*Reversed, with finding of facts.*

We find as a fact, to be incorporated with the judgment, that appellant was not guilty of the negligence charged and that appellee's injury was not due to the negligence of the appellant.