### HAMMOND *v.* MICHIGAN CENTRAL RAILROAD CO.

1. PLEADING—DEMURRER—APPEAL AND ERROR.

    On demurrer to a declaration, the pleading must be considered more critically than if the defendant had gone to trial upon a plea to the merits, and unless on its face the declaration affirmatively shows actual negligence, the demurrer must be sustained.

2. MASTER AND SERVANT—RAILROADS — NEGLIGENCE — OPERATION OF TRAINS.

    It is not negligent for a roadmaster to order an engineer in charge of an engine to move it when another employé, who is working in the way, with his back to the engine, has a free method of escape, if customary warning is given.

3. SAME—RAILROADS—SIGNALS.

    One who gives orders to a railroad engineer is not required to see that the track is clear of all persons, before communicating the order.

4. SAME—WARNING SERVANT.

    Failure of the engineer to use due care in executing orders of his superior, cannot be charged to the latter, unless the customary care would not be commensurate with the danger, and the superior servant knew the circumstances.

Error to Saginaw; Gage, J. Submitted April 20, 1910. (Docket No. 131). Decided July 14, 1910. Rehearing denied December 8, 1910.

Case by Fred Hammond against the Michigan Central Railroad Company for personal injuries. An order sustaining a demurrer is reviewed by plaintiff on writ of error. Affirmed.

*De Vere Hall*, for appellant.

*Watts S. Humphrey* (*Humphrey, Grant & Baker*, of counsel), for appellee.

HOOKER, J. The declaration in this cause alleges that plaintiff was a sectionman on the defendant's railroad; that his crew was ordered to the scene of an accident to aid in putting some derailed cars upon the track and restoring the road, which was out of repair by reason of the accident; that said accident called for the presence of certain superior officers of defendant, including its roadmaster, Burns, to assist in restoring the track. Plaintiff's crew ran the hand car to a point a few feet from, and in front of, the engine belonging to the train that was derailed, and, after removing some plank from a flat car attached to the engine, the hand-car crew, at the direction of the plaintiff's section foreman, proceeded to take the hand car from the track, plaintiff being upon the track with his back towards the engine; and while so engaged the roadmaster, without advising or warning plaintiff of his intention or purpose to do so, directed the engineer to move the same toward the plaintiff, whereupon he did so and injured the plaintiff. It further alleged: That it was the duty of defendant and said roadmaster:

(1) Not to have given directions to the engineer to move the engine toward the plaintiff while he was in a place of danger therefrom.

(2) Not to do so without advising or warning the plaintiff of such direction.

(3) Not to have assumed the direction and control of

the movement of said engine without advising and warning plaintiff of such fact.

(4) To have advised and warned plaintiff of his intention to move such engine toward plaintiff before giving such direction.

That defendant was careless, negligent, and wrongful in the discharge of its said several duties in the following particulars:

(1) In that the roadmaster gave such direction while plaintiff was in a place of danger.

(2) In doing so without advising or warning him of such direction.

(3) In assuming the direction and control of the engine without advising and warning plaintiff of his direction.

(4) In failing to advise and warn plaintiff of his intention and purpose to direct the engineer to move the engine toward him before giving such direction.

The defendant demurred on several grounds:

(1) No negligence alleged.

(2) If negligence alleged, it is shown to have been act of fellow-servant of plaintiff.

(3) The action of the roadmaster was not the proximate cause of the injury.

(4) The declaration omits to allege knowledge by roadmaster that plaintiff was in a place of danger.

(5) That the risk of the danger causing the accident was assumed by plaintiff.

(6) That the declaration omits to show that it was any part of his duty or authority to direct the movement of the engine, and therefore defendant is not responsible.

(7) That plaintiff was guilty of contributory negligence.

The demurrer was sustained, and plaintiff has appealed.

This cause being before us on demurrer, the declaration must be considered more critically than if defendant had gone to trial upon a plea to the merits. If it does not, upon its face, affirmatively show actionable negligence by defendant's roadmaster, the demurrer was properly sustained.

The gist of plaintiff's complaint is that the roadmaster

directed the engineer in charge of the engine to move the same when the plaintiff was in a place of danger, *i. e.*, a few feet in front of the engine upon the tracks and with his back toward the engine. Without intimating that circumstances might not be such as to make an order to move an engine negligent, we cannot say that an order to move an engine is negligent on the part of the foreman, when there is nothing to prevent the free and ready escape of the person in front of the engine from the track, and where there is nothing to indicate danger to him more than his presence on the track.

We have held that a foreman has a right to suppose that an engine will not be moved without a warning from the engineer, and when it is, and the person injured from the want of care in managing the engine, or without the usual warnings, if a fellow-servant of the engineer, must recover his damages from him, and cannot recover from the company. The engineer generally acts upon orders; but ordinarily the one giving or delivering the orders is not expected to see that the track is clear of all persons before communicating such orders to the engineer. The latter must use care in complying with his orders, and his failure to do so cannot be charged to the one who gives the orders to move his engine, unless the customary care would not be commensurate to the danger and the circumstances such as to make it the duty of the superior officer to know of the extraordinary danger. The declaration is defective under the decision in the case of *Burrman* v. *Railway*, 143 Mich. 689 (107 N. W. 709).

We held, in *Williams* v. *Raper*, 67 Mich. 427 (34 N. W. 890), that—

"A declaration should set out the facts which constitute his cause of action, logically and in their natural order, showing his right, the injury, and the consequent damage, and, if such pleading does not disclose a cause of action, no evidence can be introduced in support of it."

This declaration does show that the engineer ran his engine against plaintiff, when moving it upon orders re-

ceived from the roadmaster; but there is no allegation of fact indicating that the order was negligent or improper. Not only does the declaration contain no such allegation, but it does not state that the customary signals were omitted by the engineer, which we mention as a significant, though perhaps not a controlling, fact.

The judgment is affirmed.

OSTRANDER, MOORE, and STONE, JJ., concurred.

BLAIR, J.   I concur in the result upon the ground that the declaration is defective in not stating that the roadmaster knew, or should have known, of plaintiff's dangerous position.