## Saylor v. Bon Jellico Coal Company.

(Decided April 30, 1913).

### Appeal from Whitley Circuit Court.

1. Master and Servant—Injuries Sustained While at Work in Airshaft—Mines and Mining—Pleading.—In an action by the servant for injuries sustained while at work in opening an airshaft, the petition is defective in failing to allege that the injury resulted from or was caused by any negligent act of the master, or any of its servants in authority, nor is there any allegation from which it might fairly be inferred that the injury resulted from any such negligence. The cause of the injury is not connected with any of the forms of negligence pleaded.

2. Master and Servant—Action for Personal Injury—Negligence—Pleading.—In such action the pleading must allege not only that the defendant was negligent, or the facts showing such negligence, but must set up the facts in such way as to show that the injury resulted from the negligence.

3. Master and Servant—Pleading—Action for Personal Injuries.—The allegation that the work was being prosecuted in a dangerous manner does not justify a recovery unless that method of doing the work was the direct and proximate cause of the injury.

N. J. WELLER, R. L. POPE for appellant.

TYE & SILER for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant was injured while working for appellee in the digging of an airshaft to be used by it in connection with the operation of its coal mine.

To his petition as amended the Circuit Court sustained a demurrer, and the correctness of that ruling is the only thing involved on this appeal.

It is alleged that appellant while engaged in the digging of the airshaft, and when the work had gone to a depth of about twenty feet, and while working at the bottom of the excavation, was engaged in throwing the dirt or material to a platform above, and that the same was thus passed on to other platforms still higher, until it was thrown out at the top, and that while so engaged under the orders and directions of appellee's bank boss, a rock weighing about six pounds fell from the top platform on to appellant's head, inflicting upon him painful and serious injuries.

That on the day before the injury, appellant called the attention of the bank boss to the fact that the airshaft was getting deep, and that it was a better plan to work it by getting a windlass and buckets so that the material might be lifted out of the shaft in that way, and suggested that the work be suspended until they might be obtained; and that this suggestion was made in view of the fact that the work was dangerous prosecuted in the manner it was being done; that the usual and customary manner of doing such work was in the way suggested, and was a safer and better way of doing it than the way in which it was being done; and that the bank boss in response to his suggestion said that the work had to be done in a hurry as the miners needed the airshaft, and directed appellant to proceed with it, saying to him, that he would get the windlass and buckets in two or three days, and assuring appellant that the work might be prosecuted as it was being done with reasonable safety.

That appellant relying on the superior knowledge and judgment of the bank boss obeyed said orders, and on the next day was injured by the falling of the rock as aforesaid; that appellee's agents and servants superior in employment to appellant knew that the use of the windlass and buckets was a better and safer way to do this character of work, and were negligent in directing appellant to continue the work as aforesaid and in giving the assurance of safety.

There is no allegation that the injury resulted from or was caused by any negligent act of appellee, or any of its servants superior in authority to appellant; nor is there any allegation of fact from which it might be

fairly inferred that the injury resulted from any such negligence.

The falling of the rock was the immediate cause of the injury, but there is no allegation or even suggestion that the rock was caused to fall by any negligent act or omission upon the part of appellee, or its agents. In such actions the pleading must allege not only that the defendant was negligent, or the facts showing the negligence, but must set up the facts in such a way as to show that the injury resulted from the negligence. From the petition as amended in this case, we only know that the rock fell and that appellant was injured. We are left entirely to conjecture as to the cause of the falling of the rock. In other words the cause of the injury is not connected with any of the forms of negligence pleaded.

The allegation that the work was being prosecuted in a dangerous manner does not justify a recovery unless that method of doing the work was the direct or proximate cause of the injury. In 26 Cyc., 1156, it is said:

"The master's methods of work must be shown to have been the proximate cause of the injury to warrant a recovery by his servant."

Judgment affirmed.