## VICTOR AMERICAN FUEL CO. v. EIDSON.

(Circuit Court of Appeals, Eighth Circuit. November 16, 1916.)

No. 4629.

1. PLEADING ☞35—COMPLAINT—SURPLUSAGE.

A paragraph of a complaint in a servant's personal injury action, which alleged that it was the duty of the master to use reasonable care in furnishing and providing the servant with a suitable and safe place in which to work, and to provide the servant with competent and suitable overseers, foremen, and fellow servants, may be rejected as surplusage, because pleading matters of law, and not fact.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 76–80; Dec. Dig. ☞35.]

2. PLEADING ☞35—COMPLAINT—SURPLUSAGE.

Where the averments of fact in the complaint did not show any violation of the duties alleged to exist in such paragraph, the paragraph may be stricken.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 76–80; Dec. Dig. ☞35.]

3. MASTER AND SERVANT ☞258(18)—INJURIES TO SERVANT—NEGLIGENCE—COMPLAINT.

A complaint of an injured servant must allege facts showing negligence on the part of the master, and, as it is not necessarily negligence to order an employé to perform a dangerous service, a complaint alleging that plaintiff, a rope tender in one of defendant's mines, was directed to disentangle a cable used to propel a car, without stopping the engine operating the cable, and so was caught and injured, does not charge negligence;

there being no averments of facts showing negligence or a necessity to warn.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 833; Dec. Dig. ☜258(18).]

4. MASTER AND SERVANT ☜265(11)—PRESUMPTION—WARNING.

Where his complaint alleged that plaintiff had been in the employ of defendant mining company for some time, and there was no allegation of youth or inexperience, it must be presumed that he was in full possession of his faculties, and so capable of appreciating the danger of being caught by machinery; hence the master was not bound to warn.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☜265(11).]

5. PLEADING ☜408—DEFECTS—WAIVER OF DEFECTS.

Comp. Laws N. M. 1897, § 2685 (Code Civ. Proc. subsec. 39) now Code 1915, §§ 4110, 4114, declaring that objections to the complaint shall be deemed waived, when not taken by demurrer or answer, excepting only the objection to the jurisdiction of the court over the subject-matter of the action and the objection that the complaint does not state a cause of action, merely declare the usual rule that the failure of a complaint to state facts sufficient to constitute a cause of action is not waived by failure to raise the objection by demurrer or answer, but that it can be raised at any time.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1362, 1366; Dec. Dig. ☜408.]

6. PLEADING ☜433(5)—DEFECTS—VERDICT.

Where by motion for directed verdict defendant questioned the sufficiency of the complaint to state a cause of action, and again raised the matter in motion in arrest, the doctrine of cure by verdict cannot be extended to the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1459, 1469–1471, 1476; Dec. Dig. ☜433(5); Replevin, Cent. Dig. § 209.]

In Error to the District Court of the United States for the District of New Mexico; Wm. H. Pope, Judge.

Action by Beryl Eidson against the Victor American Fuel Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded, with leave to plaintiff to file a new complaint.

Ralph E. Twitchell, of Santa Fé, N. M., and Caldwell Yeaman and Frank E. Gove, both of Denver, Colo., for plaintiff in error.

A. T. Hannett, of Gallup, N. M., and H. B. Jamison, of Albuquerque, N. M., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

CARLAND, Circuit Judge. This is an action brought by Eidson, as plaintiff, against the Fuel Company, as defendant, to recover damages for personal injuries received by plaintiff while in the employ of the defendant. There was a verdict for plaintiff, and defendant brings the case here, assigning error.

At the close of all the evidence counsel for defendant moved the court to direct the jury to return a verdict in favor of defendant, on the ground, among others, that the complaint did not state facts suf-

ficient to constitute a cause of action. The motion was denied, and an exception allowed. Counsel also moved in arrest of judgment upon the same ground. This motion was also denied, and an exception allowed. These rulings of the court constitute the second specification of error argued in the brief, and the question so raised must be decided.

Omitting the allegations of the complaint as to citizenzship, the appointment of a guardian ad litem, and the ad damnum, the complaint charges:

"III. That on the 5th day of June, 1911, the defendant was, and for a long time prior thereto had been, engaged in the business of conducting, carrying on, and working a coal mine in the vicinity of Gallup, in the county of McKinley, state of New Mexico, and that said plaintiff was on the said 5th day of June, 1911, and for a long time prior thereto had been, employed by the defendant as its servant in the capacity of helper and rope tender at one of the defendant's mines. Plaintiff furthermore alleges that upon said date he was performing the duties of his position before mentioned in the employ of the defendant in a careful and skillful manner.

"IV. Plaintiff further alleges that it became and was the duty of the said defendant to use reasonable care in furnishing and providing the said plaintiff with a suitable and safe place in which to do his work, and to provide the plaintiff with competent and suitable overseers, foremen, and fellow servants.

"V. That on said 5th day of June, 1911, this plaintiff, while so engaged in his said occupation in the employ of the defendant, was instructed by his foreman, Charles Ennis, who was by order of the defendant in charge of the work which the plaintiff was performing, not to cause the car which the plaintiff had charge of to stop when the cable by means of which the said car was propelled caught under the ties, but that he, the plaintiff, was ordered by said foreman to seize said cable with his hands, and to disentangle it without calling to the person in charge of the engine propelling said cable car to stop the said engine.

"VI. Plaintiff further alleges that, in obedience to the instructions of his foreman, Charles Ennis, as aforesaid, on the said 5th day of June, 1911, on the cable which propelled the car becoming fastened, he seized it while in motion, with his hands, and endeavored to free the cable, and further that his left hand was instantly caught in said cable, and that he was dragged 50 or 60 feet, and that three fingers of his left hand were permanently injured, and that his said hand was permanently damaged and crippled.

"VII. Plaintiff further alleges that he had no knowledge of the danger there was in seizing the said cable while in motion as aforesaid, and that he relied upon the statement of his foreman, the said Ennis, who told him that it was the proper manner to adjust the said cable."

[1-4] Paragraph 4 of the complaint may be rejected as surplusage: First, because it pleads matter of law, and not fact; second, because the facts pleaded do not show any violation of the duties alleged to exist in paragraph 4. Counsel for the plaintiff concedes that paragraph 4 may be rejected as surplusage. The fact that the plaintiff was injured, as between himself and the defendant, would be no evidence of negligence; therefore, no allegation of negligence. We have, then, a statement in the complaint that the plaintiff, while in the employ of the defendant, in obeying an order of the foreman, Ennis, was injured in the manner specified in the complaint, and that the plaintiff had no knowledge that the work which he was ordered to perform was dangerous, and Ennis did know such fact. There is no allegation of fact whatever that the defendant was negligent in any respect.

To order an employé to perform a dangerous service, standing alone, is not negligence; and to allege such fact, without alleging other facts showing a duty on the part of the master to warn and a violation of such duty, does not charge negligence. All machinery is dangerous, more or less; still the duty to warn does not exist only in special cases. From all that appears from the complaint, we must presume that the plaintiff was a man in the full possession of all his faculties. If so, he was as capable of knowing and appreciating the danger of the service which he was ordered to perform as the foreman, Ennis; therefore the allegation that he did not know of the danger does not help his case. As to the duty to allege facts showing negligence, see Hammond v. Michigan Central R. Co., 162 Mich. 431, 127 N. W. 318, Saylor v. Bon Jellico Coal Co., 153 Ky. 474, 155 S. W. 1138; McElwaine-Richards Co. v. Wall, 159 Ind. 557, 65 N. E. 753; Medley v. American Car & Foundry Co., 140 Ill. App. 284; Kinnear Manufacturing Co. v. Carlisle, 152 Fed. 933, 82 C. C. A. 81; Stegmann v. Gerber, 146 Mo. App. 104, 123 S. W. 1041.

[5, 6] Counsel for defendant did not demur to the complaint, nor raise the question as to its insufficiency, otherwise than as stated. It is the general rule, however, that, except where it is otherwise provided by statute, the failure of a complaint to state facts sufficient to constitute a cause of action is not waived by failure to raise the objection by demurrer or answer, but it may be raised at any time. 31 Cyc. 728, and cases cited. The statute of New Mexico is simply declaratory of this rule. Compiled Laws of New Mexico 1897, § 2685 (Code Civ. Proc. subsec. 39, art. 4), provides:

"When any of the matters enumerated in subsection 35 of this act do not appear upon the face of the complaint, the objection may be taken by answer. If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court over the subject matter of the action, and excepting the objection that the complaint does not state facts sufficient to constitute a cause of action."

This provision has been carried into the New Mexico Statutes Annotated, 1915, §§ 4110 and 4114.

The doctrine of cure by verdict cannot be applied in this case, for the reason that the objection to the sufficiency of the complaint was raised by motion for a directed verdict before the verdict was rendered and the objection overruled. 31 Cyc. 765, and cases cited.

We have carefully read the argument of counsel for plaintiff to the effect that, under the New Mexico practice, the sufficiency of the complaint to state a cause of action was not properly raised, and find no merit in it. Objection to the complaint was specifically made, both in the motion for a directed verdict and in the motion in arrest. The attention of the court below was sharply called to the question in both instances. We are therefore compelled to hold that the trial court erred in denying both motions.

The judgment, therefore, is reversed, and a new trial ordered, with leave to the plaintiff to amend the complaint, if he shall be so advised.